U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California, 91105
Appeals from Central California  (626) 229-7220
Appeals from all other Districts  (626) 229-7225

*693 PJH*

US JAN 30 PM 12: 47

RECEIVED BY MAILING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:  ARRIVA PHARMACEUTICALS, INC.

BAP No.: NC-08-1010 (NOA filed by Sonoran Desert Chemicals, LLC)

Bankruptcy No(s).: 07-42767 J11

Adversary No(s).:

**PJH**

NOTICE OF TRANSFER OF APPEAL TO DISTRICT COURT

A party to the appeal has timely filed an objection to the
disposition of this matter by the Bankruptcy Appellate Panel.
See 28 USC Section 158.  Consequently, this appeal is herewith
transferred to _____SAN FRANCISCO DISTRICT COURT_____.

Please acknowledge receipt of the case file listed above
by signing and returning a copy of this transmittal form.

Harold S. Marenus, BAP Clerk

By: Edwina Clay
    Deputy Clerk

Date: January 17, 2008

Please acknowledge receipt of
the case file listed above.

Dated:_____

Signed:_____
            District Court Deputy

Assigned District Court No.

_____

cc: Bankruptcy Court
    All Parties

## UNITED STATES BANKRUPTCY COURT ED
### NORTHERN DISTRICT OF CALIFORNIA
**1300 Clay St. #300**  ⠀⠀⠀ 08 JAN 30 PM 12: 50
**Oakland, CA 94612**

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRANSMITTAL FORM**



*BAP#NC-08-1010* **PJH**

TO: Bankruptcy Appellate Panel of the Ninth Circuit, 125 S. Grand Avenue, Pasadena, CA 91105

CASE NAME: Arriva Pharmaceuticals, Inc.

BANKRUPTCY NO.: 07-42767 J11

BANKRUPTCY JUDGE: Jellen

DATE NOTICE OF APPEAL FILED: 01/04/2008

DATE OF ENTRY OF ISSUE: 12/27/2007

DATE BANKRUPTCY FILED: 08/29/2007

NOTICE OF OBJECTION FILED:

DATE OF TRANSMITTAL: January 9, 2008



RECEIVED
Harold S. Marenus, Clerk
U.S. BKCYAPPPANEL
OF THE NINTH CIRCUIT

JAN 1 1 2008

FILED
DOCKETED ___1-15-08___
⠀⠀⠀⠀DATE ⠀⠀ INITIAL

PLEASE STAMP YOUR CASE NUMBER on a copy of this tranmittal form and return the copy to the bankruptcy court.

⠀/s/ Patricia Lenhart⠀⠀
Deputy Clerk

1    Squire, Sanders & Dempsey L.L.P.
     Penn Ayers Butler (State Bar # 56663)
2    pabutler@ssd.com
     Douglas J. Rovens (State Bar # 106562)
3    drovens@ssd.com
     James E. McDonald (*Pro Hac Vice*)
4    jmcdonald@ssd.com
     600 Hansen Way
5    Palo Alto, CA  94304-1043
     Telephone:  +1.650.856.6500
6    Facsimile:   +1.650.843.8777

7    Attorneys for Creditor and Party-In-Interest,
     Sonoran Desert Chemicals, LLC

8

RECEIVED
Harold S. Marenus, Clerk
U.S.  BKCY.APP.PANEL
OF THE NINTH CIRCUIT

JAN 1 1 2008

FILED _____
DOCKETED _____
              DATE      INITIAL
BAP# NC-08-1010

9                    UNITED STATES BANKRUPTCY COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                         OAKLAND DIVISION

12

| | |
|---|---|
| In re | Case No. 07-42767 |
| ARRIVA PHARMACEUTICALS, INC., a California corporation, | Chapter 11 |
| | **NOTICE OF APPEAL** |
| Debtor. | |
| Tax ID: 94-3287067 | |

**PJH**

18        Sonoran Desert Chemicals, LLC ("Sonoran"), creditor and party-in-interest, appeals to the

19   bankruptcy appellate panel under 28 U.S.C. § 158 from the order of the bankruptcy judge

20   (Honorable Edward D. Jellen) disallowing the Sonoran Claim in its entirety without leave to

21   amend and estimating the Sonoran Claim at zero for voting purposes, entered in this Chapter 11

22   case on the 27th day of December, 2007.

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

NOTICE OF APPEAL

Case 08-07642767    Doc #: 300    Filed: 01/04/2008    Page 1 of 2

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re:                                                    Case No.: 07-42767 J11

**Arriva Pharmaceuticals, Inc.**

_____**Debtor(s).**____/

### NOTICE OF REFERRAL OF APPEAL TO BANKRUPTCY APPELLATE PANEL **_PJH_**

TO ALL PARTIES:

YOU AND EACH OF YOU are hereby notified that the enclosed notice of appeal has been filed by

AlphaMed Pharmaceuticals Corp. with the Clerk of the Bankruptcy Court.  By virtue of the orders

of the Judicial Council of the Ninth Circuit and the District Court for this district, the above appeal

has been referred to the United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP).


Dated: January 9, 2008

                                        GLORIA L. FRANKLIN, Clerk
                                        United States Bankruptcy Court


                                        By: /s/ Patricia Lenhart_____
                                               Deputy Clerk

Certificate of Mailing

I, the undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Northern District of California, at Oakland, hereby certify:

That I, in the in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Oakland, California, on the date below, in a sealed envelope, addressed as listed below.

Date: January 9, 2008

/s/ Patricia Lenhart
Deputy Clerk

United States Trustee
1301 Clay St. #690N
Oakland, CA 94612

Bankruptcy Appellent Panel
125 S Grand Ave.
Pasadena, CA 91105

**Sonoran Desert Chemicals, LLC**
Squire, Sanders & Dempsey, L.L.P.
Penn Ayers Butler (State Bar #56663)
Douglas J. Rovens (State Bar #106562)
James E. McDonald (*Pro Hac Vice*)
600 Hansen Way
Palo Alto, CA 94304-1043

**Arriva Pharmaceuticals, Inc.**
Sheppard, Mullin, Richter & Hampton LLP
Michael H. Ahrens
4 Embarcadero Center 17th Floor
San Francisco, CA 94111

1        The names of all parties to the order appealed from and the names, addresses, and

2    telephone numbers of their respective attorneys are as follows:

3    **Sonoran Desert Chemicals, LLC**                 **Arriva Pharmaceuticals, Inc. (Debtor)**
    **Represented by:**                                **Represented by:**

4    Squire, Sanders & Dempsey, L.L.P.        Sheppard, Mullin, Richter & Hampton LLP
    Penn Ayers Butler (State Bar #56663)     Michael H. Ahrens

5    pabutler@ssd.com                         mahrens@sheppardmullin.com
    Douglas J. Rovens (State Bar #106562)    4 Embarcadero Center 17th Floor

6    drovens@ssd.com                        San Francisco, CA 94111
    James E. McDonald (*Pro Hac Vice*)       Telephone: (415) 434-9100

7    jmcdonald@ssd.com                     Facsimile: (415) 434-3947
    600 Hansen Way

8    Palo Alto, CA 94304-1043
    Telephone: (650) 856-6500

9    Facsimile: (650) 843-8777

10

11   Dated: January 4, 2008                    Squire, Sanders & Dempsey L.L.P.

12

13                                        By: /s/ Penn Ayers Butler

14                                           Penn Ayers Butler
                              Attorneys for Creditor and Party-In-Interest

15                                 AlphaMed Pharmaceutics Corp., a Florida
                            corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



**Entered on Docket**

**December 27, 2007**

GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP

**Signed: December 27, 2007**

2 | A Limited Liability Partnership
Including Professional Corporations

3 | MICHAEL H. AHRENS,
Cal. Bar No. 44766

4 | ORI KATZ, Cal. Bar No. 209561
MICHAEL M. LAUTER,

**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**

5 | Cal Bar No. 246048
TIMOTHY C. PERRY,

6 | Cal. Bar No. 248543
Four Embarcadero Center, 17th Floor

7 | San Francisco, California 94111-4109
Telephone:    415-434-9100

8 | Facsimile:    415-434-3947

9 | Attorneys for Debtor ARRIVA
PHARMACEUTICALS, INC.

10

11 | UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

12 | OAKLAND DIVISION

13

14 | In re

Case No. 07-42767

15 | ARRIVA PHARMACEUTICALS, INC., a
California corporation,

Chapter 11

16 |

**ORDER DISALLOWING CLAIM OF
SONORAN DESERT CHEMICALS,
LLC (CLAIM NO. 14)**

17 | Debtor.

18 | Tax ID: 94-3287067

Date:       December 13, 2007

19 | Time:       2:00 p.m.
Place:      United States Bankruptcy Court

20 | 1300 Clay Street, Oakland, CA
Judge:      Hon. Edward D. Jellen

21 | Ctrm:       215

22

23

24 | On October 9, 2007, Sonoran Desert Chemicals, LLC filed a claim (the "Sonoran

25 | Claim") in an undetermined amount in the above-captioned bankruptcy case (the

26 | "Bankruptcy Case"). The Sonoran Claim was listed as Claim No. 14 on the claims register

27 | for the Bankruptcy Case. On November 7, 2007, Arriva Pharmaceuticals, Inc., the debtor

28 | in the Bankruptcy Case (the "Debtor") objected to the Sonoran Claim in its Omnibus

-1-

1  Objection to Claims and Alternative Motion to Value Claims at Zero for Voting Purposes

2  and its Memorandum of Points and Authorities in support thereof (collectively, the

3  "Objection"), filed on the docket for the Bankruptcy Case as #'s 154 and 155, respectively.

4      On December 13, 2007, the Court heard argument on the Objection. The

5  appearances were as indicated in the record. For all the reasons stated on the record, which

6  reasons constitute the findings of this Court by Bankruptcy Rule 7052,

7          **IT IS HEREBY ORDERED THAT**

8          1.      The Objection is sustained. The Sonoran Claim is disallowed in its

9  entirety, without leave to amend.

10         2.      Further, in the event that such a ruling becomes necessary, the

11  Sonoran Claim is estimated at zero for voting purposes under the Debtor's plan as it

12  currently exists or is hereafter amended.

13                          ** END OF ORDER **

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1                    <u>COURT SERVICE LIST</u>

2

3  1, **Counsel for the Official Creditors' Committee**
Michael D. Cooper
4  Wendel Rosen Black & Dean, LLP
1111 Broadway, 24th Floor
5  Oakland, CA 94607
(510) 834-6600

6

**2. Office of the U.S. Trustee /Oakland**
7  Office of the U.S. Trustee
Attention: Laurent Chen
8  1301 Clay St. #690N
Oakland, CA 94612
9  (510) 637-3200

10  3. **Attorneys for Sonoran Desert Chemicals, LLC**
Penn Ayers Butler
11  Squire, Sanders and Dempsey
600 Hansen Way
12  Palo Alto, CA 94304-1043
(650) 843-3242

13

**4. Stuart M. Brown**
14  Edwards, Angell, Palmer & Dodge LLP
919 N Market St., 5th Fl.
15  Wilmington, DE 19801
(302) 428-5500

16

5. **M. David Minnick**
17  Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
18  San Francisco, CA 94105-2228
(415) 983-1351

19

6. **Nicolas De Lancie**
20  Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
21  San Francisco, CA 94111
(415) 984-9675

22

7. **American Express Bank FSB**
23  c/o Becket and Lee LLP
P.O. Box 3001
24  Malvern, PA 19355-0701

25  8. **Baxter Healthcare Corporation**
c/o David M. Wiseblood
26  Seyfarth Shaw LLP
560 Mission Street, Suite 3100
27  San Francisco, CA 94105

28

-3-

W02-WEST:5MML1\400609427.1                                    ORDER

1    9. **Allan Wachter**
    c/o Chris D. Kuhner
2    Kornfield, Paul & Nyberg, P.C.
    1999 Harrison Street, Suite 2675
3    Oakland, CA 94612

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER Cal. Bar No. 246048
4  TIMOTHY C. PERRY, Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:   415-434-9100
6  Facsimile:   415-434-3947

7  Attorneys for ARRIVA PHARMACEUTICALS, INC.

8              UNITED STATES BANKRUPTCY APPELLATE PANEL

9                          OF THE NINTH CIRCUIT

10                On Appeal from the United States Bankruptcy Court
                        for the Northern District of California
11                          Hon. Edward D. Jellen

12

13  In re                                    BAP No. _____

14  ARRIVA PHARMACEUTICALS, INC., a        Case No. 07-42767
    California corporation,
15                                         STATEMENT OF ELECTION TO
                 Debtor-Appellee.          TRANSFER APPEAL OF SONORAN
16                                         DESERT CHEMICALS, LLC TO THE
    Tax ID: 94-3287067                     UNITED STATES DISTRICT COURT
17                                         FOR THE NORTHERN DISTRICT OF
                                           CALIFORNIA
18

19                         **STATEMENT OF ELECTION**

20        The Debtor, Arriva Pharmaceuticals, Inc., hereby elects, pursuant to 28 U.S.C. §

21  158(c)(1)(B) and Bankruptcy Rule 8001(e)-1, to transfer to the United States District Court

22  for the Northern District of California the appeal for which Sonoran Desert Chemicals,

23  LLC filed a notice of appeal on January 4, 2008.

24        Out of an abundance of caution, we briefly address two collateral matters in this

25  Statement of Election:

26        1.     The authorities do not clearly disclose the court in which an appellee must

27  file the Statement of Election.  According to the Amended Order Continuing the

28

-1-

1  Bankruptcy Appellate Panel of the Ninth Circuit, an appellee must "file with the clerk of

2  the bankruptcy appellate panels a written statement of election." Amended Order, § 3(b).

3  However, the relevant statute, 28 U.S.C. § 158(c)(1)(B), and Bankruptcy Rule 8001(e)-1,

4  are silent on the matter. Moreover, Judge Klein has stated, in the context of appell*ant*'s

5  election, the "docket maintained by the bankruptcy court clerk is the designated

6  clearinghouse for the crucial information." *In re Mackey*, 232 B.R. 784, 788 (9th Cir. BAP

7  1999). As a result, for the convenience of all parties and both courts, we simultaneously

8  file this Statement of Election with both the United States Bankruptcy Court for the

9  Northern District of California and the Ninth Circuit Bankruptcy Appellate Panel.

10      2.    Because District Judge Illston recently presided over a "related action" as

11  defined by United States Northern District Local Rule 3-12(a), Arriva apprises this Court

12  that Arriva intends to file in that Court an Administrative Motion to Consider Whether

13  Cases Should Be Related under Northern District Local Rule 3-12(b). We attach a copy of

14  this motion as Exhibit A.

15

16  DATED: January 9, 2008

17                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

18

19                  By

20                                TIMOTHY C. PERRY

21                              Attorneys for Debtor

22

23

24

25

26

27

28

-2-

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER Cal. Bar No. 246048
4  TIMOTHY C. PERRY, Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4106
   Telephone:   415-434-9100
6  Facsimile:   415-434-3947

7  Attorneys for ARRIVA PHARMACEUTICALS, INC.

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10
                 On Appeal from the United States Bankruptcy Court
11                     for the Northern District of California
                              Hon. Edward D. Jellen
12

13  In re                                  No. _____

14  ARRIVA PHARMACEUTICALS, INC., a       **ADMINISTRATIVE MOTION TO**
    California corporation,                **CONSIDER WHETHER CASES**
15                                         **SHOULD BE RELATED**
                        Debtor-Appellee.
16                                         [Civ. L.R. 3-12]
           Tax ID: 94-3287067
17                                         Action filed: January ___, 2008

18

19                    **I. NOTICE OF MOTION & MOTION**

20          Please take notice that pursuant to Civil Local Rule 3-12, debtor-appellee Arriva

21  Pharmaceuticals, Inc. ("Arriva") hereby submits the following Administrative Motion to Consider

22  Whether Cases Should Be Related (the "Motion"). In support of the Motion, Arriva files a

23  Declaration of Michael H. Ahrens (the "Ahrens Declaration"), lead bankruptcy counsel for Arriva.

24  Arriva has attached to the Ahrens Declaration, as Exhibit A, the three final orders from which the

25  three related appellants respectively have appealed; as Exhibit B, the transcript of the hearing at

26  which the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy

27  Court") read its findings into the record; as Exhibit C, the last substantive order District Judge

28

                                          -1-

1   Illston filed in a previous related case; and as Exhibit D, a printout of the docket in that related
2   case.

3       Arriva asks that the above-captioned appeal be deemed "related" to two similar
4   simultaneously-filed bankruptcy appeals, as well as to another case previously docketed before
5   District Judge Illston. Accordingly, we request that all three appeals be assigned to Judge Illston.

## II. DESCRIPTION OF RELATED CASES

7       On May 10, 1999, Arriva (then doing business primarily as AlphaOne Pharmaceuticals,
8   Inc.) filed a complaint for damages and declaratory relief in this Court, Case No. 99-cv-02169 (the
9   "Declaratory Relief Case"). District Judge Illston presided over that case, entering the most recent
10  substantive order on July 17, 2006, dismissing Arriva's claims and defendants' counterclaims.
11  That case concluded recently, on December 18, 2006.

12      On September 17, 2007, Arriva filed for Chapter 11 bankruptcy in the Bankruptcy Court in
13  a case docketed as no. 07-42767. On December 27, 2007, the Bankruptcy Court entered final
14  orders separately disallowing the claims of Sonoran Desert Chemicals LLC ("Sonoran"),
15  AlphaMed Pharmaceuticals Corp. ("AlphaMed") and Protease Sciences, Inc. ("PSI"). On January
16  4, 2008, Sonoran, AlphaMed and PSI separately appealed those final orders to the Ninth Circuit
17  Bankruptcy Appellate Panel. After Arriva filed three separate Statements of Election,
18  corresponding to the three separate notices of appeal, the Ninth Circuit Bankruptcy Appellate
19  Panel transferred the three cases (together, the "Bankruptcy Appeals") to this Court.

## III. DISCUSSION

21      The Bankruptcy Appeals and the Declaratory Relief Case are "related cases" according to
22  the criteria set forth in Civil Local Rule 3-12(a).

23      First, these cases involve the same parties. Arriva, plaintiff in the Declaratory Relief Case,
24  is debtor-appellee in the Bankruptcy Appeals. Meanwhile, both Sonoran and PSI were defendants
25  in the Declaratory Relief Case, are claimants-appellants in the Bankruptcy Appeals. Claimant-
26  appellant AlphaMed, though technically not a party to the Declaratory Relief Case, is controlled
27  by the same principals as Sonoran and PSI and asserts interests identical to those of Sonoran and
28  PSI. (Ex. C, 1-2.)

-2-

1       Second, these cases concern the same property. In the Declaratory Relief Case, Arriva

2 sought to establish its rights to certain intellectual property known as the "Protease/Arriva

3 License" or "Protease License." As District Judge Illston stated in her opinion, "[t]he validity of

4 this Protease/Arriva license is the central disputed issue giving rise to this action." (Ex C, 2:16.)

5 Meanwhile, in the Bankruptcy Appeals, Sonoran, PSI and AlphaMed each challenge the

6 Bankruptcy Court's disposition of the very same issue, appealing the disallowance of their claims,

7 based in part on their alleged interests in the Protease/Arriva License. (Ex B, 11:1-20).

8       Third, these cases implicate the same legal issues. In the Declaratory Relief Case, Judge

9 Illston dismissed Sonoran and PSI's counterclaims because principles of federalism and comity, as

10 manifest in the *Brillhart* doctrine, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1941), prevented her

11 from adjudicating the dispute. (Ex B, Judge Illston Order, 7 et seq.) An Arizona Superior Court,

12 Judge Illston noted, already was considering the issues raised in the Declaratory Relief Case. (Id.)

13 As Judge Illston held, "comity between this Court and the Arizona Superior Court warrants denial

14 of jurisdiction." (Id., 7:27-28.) In addition, Judge Illston noted the Arizona Court had issued

15 injunctions forbidding Sonoran's principals from pursuing in court Sonoran's purported rights to

16 the Protease/Arriva License. (Id., 13:1-5.)

17       The Bankruptcy Court cited similar reasons in disallowing Sonoran, AlphaMed and PSI's

18 claims against the bankruptcy estate. The Bankruptcy Court held Sonoran and PSI's principals

19 could not assert their claims to the Protease/Arriva License without violating the Arizona Court's

20 injunctions. (Ex B, 11:1-20.) In addition, the Bankruptcy Court relied on principles of federalism

21 and comity in disallowing the claims AlphaMed. Specifically, the Bankruptcy Court held that the

22 *Rooker-Feldman* doctrine, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280

23 (2005), prohibited it from directly reviewing issues already adjudicated by the Arizona Superior

24 Court. (Ex B,10:3-14 & 11:14-20.)

25       As a result of these similarities, assigning the Bankruptcy Appeals to a Judge other than

26 Judge Illston would result in an unduly burdensome duplication of labor and expense. Civ. L. R.

27 3-12(a)(1). The Bankruptcy Appeals are procedurally complex. To date, the parties to the

28 Bankruptcy Appeals have litigated in the Southern District of Florida, Arizona State Court,

-3-

                    ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES ARE RELATED.

1 Nevada State Court, the Bankruptcy Court for the Northern District of California, as well as this

2 Court—first before Judge Illston, and now with respect to the Bankruptcy Appeals. Fortunately,

3 however, Judge Illston is already familiar with this history of litigation, having ably outlined its

4 most salient points in her most recent order. (Ex C, 1-7.)

5 Moreover, the Bankruptcy Appeals are factually complex. Sonoran, PSI and AlphaMed

6 exist in relation to a myriad of affiliated entities and their principals. Fortunately again, however,

7 Judge Illston already has become familiar with the relationships among these entities, as

8 demonstrated in her most recent order. (Ex C, 1-3.)

9 As the lengthy docket of the Declaratory Relief Case reveals, for many years District Judge

10 Illston maintained an ongoing familiarity with the parties, facts, legal issues and procedural history

11 implicated by these cases. Indeed, that case concluded only recently, on December 18, 2006.

12 Accordingly, this Court should deem the Declaratory Relief Case and the three Bankruptcy

13 Appeals "related cases" for the purposes of Local Civ. Rule 3-12, and assign the Bankruptcy

14 Appeals to Judge Illston.

15

16 **IV. CONCLUSION**

17 For the foregoing reasons, we request this Court deem the Declaratory Relief Case

18 and the Bankruptcy Appeals "related cases" for the purposes of Civil Local Rule 3-12, and

19 assign these cases to District Judge Illston.

20

21 DATED: January ___, 2008

22 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24 By _____

25 TIMOTHY C. PERRY

26 Attorneys for Debtor

27

28

-4-

1 │ SHEPPARD, MULLIN, RICHTER
   │ & HAMPTON LLP
2 │   A Limited Liability Partnership
   │   Including Professional Corporations
3 │ MICHAEL H. AHRENS
   │ Cal. Bar No. 44766
4 │ ORI KATZ, Cal. Bar No. 209561
   │ MICHAEL M. LAUTER
5 │ Cal. Bar No. 246048
   │ TIMOTHY C. PERRY
6 │ Cal. Bar No. 248543
   │ Four Embarcadero Center, 17th Floor
7 │ San Francisco, California  94111-4106
   │ Telephone:   415-434-9100
8 │ Facsimile:    415-434-3947

9 │ Attorneys for ARRIVA
   │ PHARMACEUTICALS, INC.
10 │

11 │          UNITED STATES DISTRICT COURT

12 │         NORTHERN DISTRICT OF CALIFORNIA

13 │     On Appeal from the United States Bankruptcy Court
   │          for the Northern District of California
14 │               Hon. Edward D. Jellen

15 │

   │ In re                                    │ No. _____
16 │
17 │ ARRIVA PHARMACEUTICALS, INC., a          │ **DECLARATION OF MICHAEL H.**
   │ California corporation,                  │ **AHRENS IN SUPPORT OF**
   │                                          │ **ADMINISTRATIVE MOTION TO**
18 │               Debtor-Appellee.           │ **CONSIDER WHETHER CASES SHOULD**
   │                                          │ **BE RELATED**
19 │ Tax ID: 94-3287067

20 │
21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │

W02-WEST:5TIP1\400650515.1                              DECLARATION

1    I, Michael H. Ahrens, declare as follows:

2    1.    I am an attorney licensed to practice law in the State of California and am

3    admitted before this Court. I am a partner with the law firm of Sheppard, Mullin, Richter

4    & Hampton LLP ("Sheppard Mullin"), bankruptcy counsel for Arriva Pharmaceuticals,

5    Inc., a California corporation ("Arriva"), the debtor-appellee in the above-captioned

6    appeal. I make this declaration in that capacity. Except for those statements made upon

7    information and belief, the following facts are based upon my personal knowledge and if

8    called to testify, I could and would competently testify to such facts. As to those

9    statements made upon information and belief, I believe them to be true.

10    2.    This declaration is submitted in support of Administrative Motion to

11    Consider Whether Cases Should Be Related (the "Motion").

12    3.    The above-captioned bankruptcy appeal is related to a case previously

13    assigned to District Judge Illston.

14    4.    On May 10, 1999, Arriva (then doing business primarily as AlphaOne

15    Pharmaceuticals, Inc.) filed a complaint for damages and declaratory relief in this Court,

16    docketed as case No. 99-cv-02169 (the "Declaratory Relief Case"). Judge Illston presided

17    over that case, entering the most recent substantive order on July 17, 2006, granting

18    plaintiff's motion to dismiss defendants' declaratory relief counterclaim, conditioned upon

19    plaintiff's dismissal of claims. That case concluded recently, on December 18, 2006.

20    5.    On September 17, 2007, Arriva filed Chapter 11 bankruptcy in the

21    Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). That

22    bankruptcy case is docketed as case no. 07-42767.

23    6.    On December 27, 2007, the Bankruptcy Court entered final orders separately

24    disallowing the claims of Sonoran Desert Chemicals LLC ("Sonoran"), AlphaMed

25    Pharmaceuticals Corp. ("AlphaMed") and Protease Sciences, Inc. ("PSI").

26    7.    On January 4, 2008, Sonoran, AlphaMed and PSI separately appealed those

27    final orders to the Ninth Circuit Bankruptcy Appellate Panel.

28

-1-

DECLARATION

1      8.     On January ___, 2008, Arriva filed three Statements of Election,
2   corresponding to the three separate notices of appeal.

3      9.     The Ninth Circuit Bankruptcy Appellate Panel transferred the three cases
4   (together, the "Bankruptcy Appeals") to this Court.

5      10.    The Declaratory Relief Case and the Bankruptcy Appeals involve the same
6   parties. Arriva, plaintiff in the Declaratory Relief Case, is debtor-appellee in the
7   Bankruptcy Appeals. Meanwhile, Sonoran and PSI were defendants in the Declaratory
8   Relief Case, and now are claimants-appellants in the Bankruptcy Appeals. Claimant-
9   appellant AlphaMed, though not a party to the Declaratory Relief Case, is controlled by the
10  same principals as Sonoran and PSI and asserts an interest in intellectual property that is
11  identical to those asserted by Sonoran and PSI.

12     11.    The Declaratory Relief Case and the Bankruptcy Appeals involve the same
13  property. In the Declaratory Relief Case, Arriva sought to establish its rights to certain
14  intellectual property known as the "Protease/Arriva license" or "Protease License."
15  Meanwhile, in the Bankruptcy Appeals, Sonoran, PSI and AlphaMed each challenge the
16  Bankruptcy Court's disposition of the very same issue, appealing the Bankruptcy Court's
17  disallowance of their claims, which are based, in part, on their alleged interests in the
18  Protease/Arriva License.

19     12.    The Declaratory Relief Case and the Bankruptcy Appeals also involve the
20  same legal issues. In the Declaratory Relief Case, Judge Illston dismissed Sonoran and
21  PSI's counterclaims because principles of federalism and comity, as manifest in the
22  *Brillhart* doctrine, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1941), prevented her from
23  adjudicating the dispute. An Arizona Superior Court, Judge Illston noted, already was
24  considering the issues raised in the Declaratory Relief Case. In addition, Judge Illston
25  noted the Arizona Superior Court had issued injunctions forbidding Sonoran's principals
26  from pursuing in court Sonoran's purported rights to the Protease/Arriva License.

27     13.    Meanwhile, the Bankruptcy Court relied on principles of federalism and
28  comity in disallowing the claims of AlphaMed. Specifically, the Bankruptcy Court held

-2-

1    that the *Rooker-Feldman* doctrine, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544

2    U.S. 280 (2005), prohibited it from directly reviewing issues already adjudicated by the

3    Arizona Superior Court. In addition, the Bankruptcy Court disallowed Sonoran,

4    AlphaMed and PSI's claims against the bankruptcy estate because Sonoran and PSI's

5    principals could not assert their claims to the Protease/Arriva License without violating the

6    Arizona Court's injunctions.

7        14.    The Bankruptcy Appeals are procedurally complex. To date, the parties to

8    the Bankruptcy Appeals have litigated in the Southern District of Florida, Arizona State

9    Court, Nevada State Court, the Bankruptcy Court for the Northern District of California, as

10   well as this Court—first before District Judge Illston, and now with respect to the

11   Bankruptcy Appeals.

12       15.    The Bankruptcy Appeals are also factually complex. Sonoran, PSI and

13   AlphaMed exist in relation to a myriad of affiliated entities and their principals.

14       16.    The docket of the Declaratory Relief Case and Judge Illston's most recent

15   substantive order in that case both demonstrate Judge Illston is familiar with the parties,

16   facts, legal issues and procedural history implicated by these cases.

17       17.    I have contacted claimants-appellants' counsel and have asked whether they

18   would stipulate that they were willing to proceed before District Judge Illston. Claimants-

19   appellants' counsel refused to so stipulate.

20

21       I declare under penalty of perjury under the laws of the United States of America

22   that the foregoing is true and correct. Executed on January _____, 2008, at San Francisco,

23   California.

24                                              /s/ Michael H. Ahrens
                                                MICHAEL H. AHRENS
25

26

27

28

-3-



**Entered on Docket**
**December 27, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: December 27, 2007**

_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER,
5  Cal Bar No. 246048
   TIMOTHY C. PERRY,
6  Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
7  San Francisco, California 94111-4109
   Telephone:   415-434-9100
8  Facsimile:   415-434-3947

9  Attorneys for Debtor ARRIVA
   PHARMACEUTICALS, INC.

10

11                  UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF CALIFORNIA
12                         OAKLAND DIVISION

13  In re                              Case No. 07-42767

14  ARRIVA PHARMACEUTICALS, INC., a    Chapter 11
15  California corporation,
                                       **ORDER DISALLOWING CLAIM OF**
16          Debtor.                    **ALPHAMED PHARMACEUTICALS**
                                       **CORP. (CLAIM NO. 19)**
17  Tax ID: 94-3287067
                                       Date:    December 13, 2007
18                                     Time:    2:00 p.m.
                                       Place:   United States Bankruptcy Court
19                                              1300 Clay Street, Oakland, CA
                                       Judge:   Hon. Edward D. Jellen
20                                     Ctrm:    215

21

22       On October 11, 2007, AlphaMed Pharmaceuticals Corp. filed a claim (the

23  "AlphaMed Claim") in the amount of $78 million in the above-captioned bankruptcy case

24  (the "Bankruptcy Case"). The AlphaMed Claim was listed as Claim No. 19 on the claims

25  register for the Bankruptcy Case. On November 7, 2007, Arriva Pharmaceuticals, Inc., the

26  debtor in the Bankruptcy Case (the "Debtor") objected to the AlphaMed Claim in its

27  Omnibus Objection to Claims and Alternative Motion to Value Claims at Zero for Voting

28  Purposes and its Memorandum of Points and Authorities in support thereof (collectively,

-1-

1 | the "Objection"), filed on the docket for the Bankruptcy Case as #'s 154 and 155,
2 | respectively.

3 |     On December 13, 2007, the Court heard argument on the Objection. The
4 | appearances were as indicated in the record. For all the reasons stated on the record, which
5 | reasons constitute the findings of this Court by Bankruptcy Rule 7052,

6 |     **IT IS HEREBY ORDERED THAT**

7 |     1.    The Objection is sustained. The AlphaMed Claim is disallowed in its
8 | entirety, without leave to amend.

9 |     2.    Further, in the event that such a ruling becomes necessary, the
10 | AlphaMed Claim is estimated at zero for voting purposes under the Debtor's plan as it
11 | currently exists or is hereafter amended.

12 |     3.    This order does not preclude reconsideration under Bankruptcy Code
13 | Section 502(j) or otherwise based on further developments in the pending Florida
14 | litigation.

15 |
                    ** END OF ORDER **

16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

W02-WEST:5MML1\400609434.1                              ORDER

1  COURT SERVICE LIST

2

3  **1, Counsel for the Official Creditors' Committee**
Michael D. Cooper
4  Wendel Rosen Black & Dean, LLP
1111 Broadway, 24th Floor
5  Oakland, CA 94607
(510) 834-6600
6

**2. Office of the U.S. Trustee /Oakland**
7  Office of the U.S. Trustee
Attention: Laurent Chen
8  1301 Clay St. #690N
Oakland, CA 94612
9  (510) 637-3200

10  **3. Attorneys for AlphaMed Pharmaceuticals Corp.**
Penn Ayers Butler
11  Squire, Sanders and Dempsey
600 Hansen Way
12  Palo Alto, CA 94304-1043
(650) 843-3242
13

**4. Stuart M. Brown**
14  Edwards, Angell, Palmer & Dodge LLP
919 N Market St., 5th Fl.
15  Wilmington, DE 19801
(302) 428-5500
16

**5. M. David Minnick**
17  Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
18  San Francisco, CA 94105-2228
(415) 983-1351
19

**6. Nicolas De Lancie**
20  Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
21  San Francisco, CA 94111
(415) 984-9675
22

**7. American Express Bank FSB**
23  c/o Becket and Lee LLP
P.O. Box 3001
24  Malvern, PA 19355-0701

25  **8. Baxter Healthcare Corporation**
c/o David M. Wiseblood
26  Seyfarth Shaw LLP
560 Mission Street, Suite 3100
27  San Francisco, CA 94105

28

-3-

1 | 9. **Allan Wachter**
c/o Chris D. Kuhner
2 | Kornfield, Paul & Nyberg, P.C.
1999 Harrison Street, Suite 2675
3 | Oakland, CA 94612

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

W02-WEST:5MML1\400609434.1                                                    ORDER

**Entered on Docket**
**December 27, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: December 27, 2007**

_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**

1  SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER,
5  Cal Bar No. 246048
   TIMOTHY C. PERRY,
6  Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
7  San Francisco, California  94111-4109
   Telephone:   415-434-9100
8  Facsimile:   415-434-3947

9  Attorneys for Debtor ARRIVA
   PHARMACEUTICALS, INC.
10

11            UNITED STATES BANKRUPTCY COURT
12              NORTHERN DISTRICT OF CALIFORNIA
                     OAKLAND DIVISION
13

14  In re                            Case No. 07-42767

15  ARRIVA PHARMACEUTICALS, INC., a   Chapter 11
    California corporation,
16                                    **ORDER DISALLOWING CLAIM OF**
                Debtor.               **PROTEASE SCIENCES, INC. (CLAIM**
17                                    **NO. 12)**
    Tax ID: 94-3287067
18                                    Date:      December 13, 2007
                                      Time:      2:00 p.m.
19                                    Place:     United States Bankruptcy Court
                                                 1300 Clay Street, Oakland, CA
20                                    Judge:     Hon. Edward D. Jellen
                                      Ctrm:      215
21

22

23        On October 9, 2007, Protease Sciences, Inc. filed a claim (the "Protease Claim") in

24  the amount of $30 million in the above-captioned bankruptcy case (the "Bankruptcy

25  Case").  The Protease Claim was listed as Claim No. 12 on the claims register for the

26  Bankruptcy Case.  On November 7, 2007, Arriva Pharmaceuticals, Inc., the debtor in the

27  Bankruptcy Case (the "Debtor") objected to the Protease Claim in its Omnibus Objection

28  to Claims and Alternative Motion to Value Claims at Zero for Voting Purposes and its

-1-

1  Memorandum of Points and Authorities in support thereof (collectively, the "Objection"),

2  filed on the docket for the Bankruptcy Case as #'s 154 and 155, respectively.

3      On December 13, 2007, the Court heard argument on the Objection. The

4  appearances were as indicated in the record. For all the reasons stated on the record, which

5  reasons constitute the findings of this Court by Bankruptcy Rule 7052,

6              **IT IS HEREBY ORDERED THAT**

7      1.    The Objection is sustained. The Protease Claim is disallowed in its

8  entirety, without leave to amend.

9      2.    Further, in the event that such a ruling becomes necessary, the

10 Protease Claim is estimated at zero for voting purposes under the Debtor's plan as it

11 currently exists or is hereafter amended.

12                    ** END OF ORDER **

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1

## COURT SERVICE LIST

2

3    1, **Counsel for the Official Creditors' Committee**
Michael D. Cooper
4    Wendel Rosen Black & Dean, LLP
1111 Broadway, 24th Floor
5    Oakland, CA 94607
(510) 834-6600

6

2. **Office of the U.S. Trustee /Oakland**
7    Office of the U.S. Trustee
Attention: Laurent Chen
8    1301 Clay St. #690N
Oakland, CA 94612
9    (510) 637-3200

10   3. **Attorneys for Protease Sciences, Inc.**
Penn Ayers Butler
11   Squire, Sanders and Dempsey
600 Hansen Way
12   Palo Alto, CA 94304-1043
(650) 843-3242

13

4. **Stuart M. Brown**
14   Edwards, Angell, Palmer & Dodge LLP
919 N Market St., 5th Fl.
15   Wilmington, DE 19801
(302) 428-5500

16

5. **M. David Minnick**
17   Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
18   San Francisco, CA 94105-2228
(415) 983-1351

19

6. **Nicolas De Lancie**
20   Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
21   San Francisco, CA 94111
(415) 984-9675

22

7. **American Express Bank FSB**
23   c/o Becket and Lee LLP
P.O. Box 3001
24   Malvern, PA 19355-0701

25   8. **Baxter Healthcare Corporation**
c/o David M. Wiseblood
26   Seyfarth Shaw LLP
560 Mission Street, Suite 3100
27   San Francisco, CA 94105

28

-3-

1    9. **Allan Wachter**
     c/o Chris D. Kuhner
2    Kornfield, Paul & Nyberg, P.C.
     1999 Harrison Street, Suite 2675
3    Oakland, CA 94612

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5MML1\400609414.1                                      ORDER

Case: 07-42767     Doc #: 274     Filed: 12/27/2007     Page 4 of 4



**Entered on Docket**
**December 27, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 27, 2007

_____
EDWARD D. JELLEN
**U.S. Bankruptcy Judge**

1  SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  MICHAEL H. AHRENS,
   Cal. Bar No. 44766
4  ORI KATZ, Cal. Bar No. 209561
   MICHAEL M. LAUTER,
5  Cal. Bar No. 246048
   TIMOTHY C. PERRY,
6  Cal. Bar No. 248543
   Four Embarcadero Center, 17th Floor
7  San Francisco, California  94111-4109
   Telephone:   415-434-9100
8  Facsimile:   415-434-3947

9  Attorneys for Debtor ARRIVA
   PHARMACEUTICALS, INC.
10

11              UNITED STATES BANKRUPTCY COURT
12              NORTHERN DISTRICT OF CALIFORNIA
                       OAKLAND DIVISION
13

14  In re                                    Case No. 07-42767
15
    ARRIVA PHARMACEUTICALS, INC., a          Chapter 11
16  California corporation,
                                             **ORDER DISALLOWING CLAIM OF**
17              Debtor.                       **SONORAN DESERT CHEMICALS,**
                                             **LLC (CLAIM NO. 14)**
18  Tax ID: 94-3287067
                                             Date:    December 13, 2007
19                                           Time:    2:00 p.m.
                                             Place:   United States Bankruptcy Court
20                                                    1300 Clay Street, Oakland, CA
                                             Judge:   Hon. Edward D. Jellen
21                                           Ctrm:    215

22

23

24       On October 9, 2007, Sonoran Desert Chemicals, LLC filed a claim (the "Sonoran

25  Claim") in an undetermined amount in the above-captioned bankruptcy case (the

26  "Bankruptcy Case").  The Sonoran Claim was listed as Claim No. 14 on the claims register

27  for the Bankruptcy Case.  On November 7, 2007, Arriva Pharmaceuticals, Inc., the debtor

28  in the Bankruptcy Case (the "Debtor") objected to the Sonoran Claim in its Omnibus

-1-

1  Objection to Claims and Alternative Motion to Value Claims at Zero for Voting Purposes

2  and its Memorandum of Points and Authorities in support thereof (collectively, the

3  "Objection"), filed on the docket for the Bankruptcy Case as #'s 154 and 155, respectively.

4      On December 13, 2007, the Court heard argument on the Objection. The

5  appearances were as indicated in the record. For all the reasons stated on the record, which

6  reasons constitute the findings of this Court by Bankruptcy Rule 7052,

7                    **IT IS HEREBY ORDERED THAT**

8      1.    The Objection is sustained. The Sonoran Claim is disallowed in its

9  entirety, without leave to amend.

10      2.    Further, in the event that such a ruling becomes necessary, the

11  Sonoran Claim is estimated at zero for voting purposes under the Debtor's plan as it

12  currently exists or is hereafter amended.

13                    ** END OF ORDER **

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

W02-WEST:5MML1\400609427.1                                                          ORDER

1

COURT SERVICE LIST

2

3 | 1, **Counsel for the Official Creditors' Committee**
Michael D. Cooper
4 | Wendel Rosen Black & Dean, LLP
1111 Broadway, 24th Floor
5 | Oakland, CA 94607
(510) 834-6600

6

2. **Office of the U.S. Trustee /Oakland**
7 | Office of the U.S. Trustee
Attention: Laurent Chen
8 | 1301 Clay St. #690N
Oakland, CA 94612
9 | (510) 637-3200

10 | 3. **Attorneys for Sonoran Desert Chemicals, LLC**
Penn Ayers Butler
11 | Squire, Sanders and Dempsey
600 Hansen Way
12 | Palo Alto, CA 94304-1043
(650) 843-3242

13

4. **Stuart M. Brown**
14 | Edwards, Angell, Palmer & Dodge LLP
919 N Market St., 5th Fl.
15 | Wilmington, DE 19801
(302) 428-5500

16

5. **M. David Minnick**
17 | Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
18 | San Francisco, CA 94105-2228
(415) 983-1351

19

6. **Nicolas De Lancie**
20 | Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
21 | San Francisco, CA 94111
(415) 984-9675

22

7. **American Express Bank FSB**
23 | c/o Becket and Lee LLP
P.O. Box 3001
24 | Malvern, PA 19355-0701

25 | 8. **Baxter Healthcare Corporation**
c/o David M. Wiseblood
26 | Seyfarth Shaw LLP
560 Mission Street, Suite 3100
27 | San Francisco, CA 94105

28

-3-

1  9. **Allan Wachter**
   c/o Chris D. Kuhner
2  Kornfield, Paul & Nyberg, P.C.
   1999 Harrison Street, Suite 2675
3  Oakland, CA 94612

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1

1          UNITED STATES BANKRUPTCY COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3                (OAKLAND DIVISION)

4    In re:

5    ARRIVA PHARMACEUTICALS, INC.,        Case No. 07-42767J

6                                         Chapter 11

7                                         Oakland, California
                                          December 13, 2007
8                                         3:14 p.m.
                Debtor.
9    _____/

10   ALPHAMED PHARMACEUTICALS,

11           Plaintiff,

12      v.                                A.P. No. 07-4181 AJ

13   ARRIVA PHARMACEUTICALS, INC.,

14           Defendant.
     _____/

15

16              TRANSCRIPT OF PROCEEDINGS
                  JUDGE'S RULING ONLY
17       1.  MOTION OF JOHN LEZDEY FOR AUTHORITY TO FILE
                   LATE PROOF OF CLAIM
18          2.  DEBTOR'S OMNIBUS OBJECTION TO CLAIMS
        3.  DEBTOR'S MOTION FOR ORDER REQUIRING COMPLIANCE WITH
19            FEDERAL RULE OF CIVIL PROCEDURE 2019
            4.  MOTION FOR RELIEF FROM STAY FILED BY
20                 ALPHAMED PHARMACEUTICALS
          5.  DEFENDANT'S MOTION TO DISMISS COMPLAINT
21                 FILED BY ALPHAMED

22
            BEFORE THE HONORABLE EDWARD D. JELLEN
23               UNITED STATES BANKRUPTCY JUDGE

24

25

2

```
 1 | APPEARANCES:

 2 | For the Debtor:           SHEPPARD, MULLIN, RICHTER &
   |                           HAMPTON, LLP
 3 |                           BY: MICHAEL H AHRENS, ESQ.
   |                               TIMOTHY C. PERRY, ESQ.
 4 |                               MICHAEL M. LAUTER, ESQ.
   |                           Four Embarcadero Center, 17th Floor
 5 |                           San Francisco, California 94111

 6 |

 7 | For the Creditors'        WELNDEL, ROSEN, BLACK & DEAN
   | Committee:                BY: MICHAEL COOPER, ESQ.
 8 |                               TRACY GREEN, ESQ.
   |                           1111 Broadway, 24th Floor
 9 |                           Oakland, California 94607

10 |

11 | For Alphamed:             SQUIRE, SANDERS & DEMPSEY, LLP
   |                           BY: DOUGLAS J. ROVENS, ESQ.
12 |                           555 South Flower Street, 31st Floor
   |                           Los Angeles, California 90071

13 |

14 |                                    -and-

15 |                           SQUIRE, SANDERS & DEMPSEY, LLP
   |                           BY: PENN AYERS BUTLER, ESQ.
   |                           600 Hansen Way
16 |                           Palo Alto, California 94304

17 |

18 |
   | For MPM Capital:          EDWARDS & ANGELL, LLP
19 |                           BY: ERICA LAZAR, ESQ.

20 |                                 (APPEARING TELEPHONICALLY)

21 |

22 |

23 |

24 |

25 |
```

3

APPEARANCES (CONTINUED):

| | | |
|---|---|---|
| Court Recorder: | T. LEYBA | |
| | UNITED STATES BANKRUPTCY COURT | |
| | 1300 Clay Street | |
| | Oakland, California 94612 | |

Transcription Service:    Jo McCall
                          Electronic Court
                          Recording/Transcribing
                          2868 E. Clifton Court
                          Gilbert, AZ 85297
                          Telephone: (480) 361-3790

4

```
 1                 P R O C E E D I N G S
 2   December 13, 2007                    3:14 p.m.
 3                        -oOo-
 4           THE COURT: All right.  I'll call Arriva
 5   Pharmaceuticals.  I understand we have a telephone
 6   appearance.  May I have the telephone appearance first.
 7           MS. LAZAR: Yes, Your Honor.  This is Erica Lazar.
 8   I'm here on behalf of MPM entities.
 9           THE COURT: All right.  Ms. Lazar, could you spell
10   your last name for the record, please?
11           MS. LAZAR: Yes, it's L-a-z-a-r.
12           THE COURT: All right.  Thank you.  And now the in
13   court appearances.
14           MR. AHRENS: Your Honor, Michael Ahrens, Tim Perry
15   and Mike Lauter for the Debtor, of Sheppard Mullin.
16           THE COURT: All right.
17           MR. COOPER: Michael Cooper, Wendel, Rosen, Black
18   and Dean for the Official Creditors' Committee.  With me
19   today, Your Honor, is my colleague, Tracy Green.
20           THE COURT: Okay.  Thank you.
21           MR. ROVENS: Good afternoon, Your Honor, Doug
22   Rovens and Penn Butler on behalf of Alphamed
23   Pharmaceuticals.
24           THE COURT: All right.  Thank you.
25   (Whereupon, the following colloquy is not transcribed and
```

5

1  the matter is recalled at 3:14 p.m. for the ruling.)

2          THE COURT: Okay.  Then I'm recalling Arriva

3  Pharmaceuticals.  Appearances have previously been stated,

4  so there is no need for the parties to restate their

5  appearances.  I believe everybody has been given a chance

6  to have their say, so unless there's somebody who stated an

7  appearance who wants to be heard that hasn't been heard,

8  I'm ready to announce rulings.

9          All right.  With that, let me take what I

10  consider to be the easiest one first, and that's Alphamed's

11  motion for relief from the automatic stay.  I'm going to

12  grant that motion to the extent of permitting the appeals

13  to go forward as far as they might go without prejudice to

14  renewal of the motion or a motion to expand the scope of

15  the relief in the event that a new trial should be ordered,

16  but I would like to retain that discretion, depending on

17  what's going on in the main case at the time.  So the

18  reasons are not very complex.  I just don't think it's the

19  province of a Bankruptcy Court to tell a Court of Appeals

20  that they can't hear a matter when a timely appeal has been

21  filed or requested, and major issues remain to be resolved,

22  especially issues that did not arise under the Bankruptcy

23  Code or in connection with the bankruptcy case.

24          And so I believe Alphamed is entitled to its day

25  in court to get a final decision in the Florida matter so

6

1  Mr. Butler or whoever as the case may be, would you submit

2  an order in that regard.

3           MR. BUTLER: Yes, Your Honor.

4           THE COURT:  All right.

5           The second easiest matter as far as I'm concerned

6  is the Rule 2019 motion which I'm going to deny.  I think

7  the Squires firm has gone on record as to the fact of its

8  representation to the various entities and I think the

9  relationship among them is well known to all the parties in

10 interest.  There's no secret connections here that appear

11 to have surfaced.  I think everybody knows what everybody

12 else's economic incentive is.  I don't think Squires

13 disclosing its particular fee arrangements are going to

14 advance the ball in terms of anything involving a stated

15 administration.  The parties are well known to each other,

16 and I think what has been disclosed is sufficient.  So

17 again, I'll ask Mr. Butler to submit an order denying that

18 motion.

19          MR. BUTLER: Thank you, Your Honor.

20          THE COURT: All right.  As to the Debtor's motion

21 to dismiss Alphamed's complaint, I'm going to grant that

22 motion under Rule 12(b)(6).  First of all, I'm holding that

23 Alphamed has no standing to bring this action.  The

24 gravamen of the action is that they want a ruling that the

25 license is not property of the estate and they've alleged

7

1  no particularized harm.  The standing issue in a bankruptcy
2  case is the leading case is the Fondular case (Phonetic).
3  It's 707 F2d, 441, where to have standing an entity must
4  demonstrate that the order at issue or at issue before the
5  Court may diminish the property of the plaintiff or
6  increase its burdens or detrimentally affect its rights.

7           Subsequent cases, including cases under Circuits,
8  have clarified that the matter can't be one that generally
9  affects creditors.  For example, one court said that,
10 quote:

11          "If a claim is a general one with no
12          particularized injury arising from it, and if
13          that claim could be brought by any creditor of
14          the debtor, the trustee is the proper person to
15          assert the claim and the creditors are bound by
16          the outcome of the trustee's action."

17 That's the Call Vorhes & Company versus American Financial
18 Corp. (Phonetic) 8 F3d, 130, 2nd Circuit ('93).  There are
19 lots and lots of cases along the same lines.  Here, I don't
20 think that there's been any particularized injury alleged
21 at all by Alphamed.  They're not trying to quiet their own
22 title to anything.  In fact, they disclaim any intent of
23 trying to quiet their own title to an asset as against the
24 claim of the estate.  They're not even seeking a ruling as
25 to who if anyone might own the license other than the

8

1  Debtor.  They just want to get it out of the estate.  That
2  sort of cause of action is not particularized, generalized.
3  There's no specific injury.  If there were standing to
4  assert such a cause of action, it would lie in every single
5  creditor in the estate, and the law is that not every
6  single creditor in the estate has the right to prosecute
7  actions to determine what is and isn't property of the
8  estate.  Rather, under Bankruptcy Code Section 323(a), the
9  trustee is the representative of the estate, and here,
10  under Chapter 11, the Debtor in Possession has all the
11  powers of a trustee.

12          I read the Catholic Diocese case, which seemed to
13  suggest that any creditor can bring an action to determine
14  the properties in the estate.  I have two reasons for
15  rejecting that case.  First, it's distinguishable on its
16  facts.  There, it was an action to bring in property of the
17  estate not to exclude property from the estate.  Secondly,
18  at least the party in the Catholic Diocese case was a
19  creditor, where here, based on the record as it now stands,
20  Alphamed is not a creditor.  The judgment of the Florida
21  Court found to the contrary.

22          So those are two major reasons for distinguishing
23  the Catholic Diocese case.  But frankly, to carry it one
24  step further, I just think that case is wrongly decided,
25  and I'm not bound by it, and I don't want to follow it.

9

1   The court did not cite Section 323(a) of the Bankruptcy
2   Code.  The court did not cite the Fondular case.  It didn't
3   cite any of the standing cases in bankruptcy cases that
4   have been resolved by the Ninth Circuit or the Ninth
5   Circuit BAP, recently, the Fulks (Phonetic) case at 211 BR
6   378 where the BAP went through all of the factors that
7   govern standing in bankruptcy cases.

8          If the Catholic Diocese case is correct, then any
9   creditor can bring any action to exclude property or bring
10  property into the estate without any particularized injury
11  whatsoever, and I just don't think that's the law.

12          So to the extent that the Catholic Diocese case
13  is not distinguishable, I just think it violates well
14  established Ninth Circuit law, and I decline to follow it.
15  Moreover, if any creditor could bring actions that affect
16  the estate, notwithstanding 323(a), then who has the
17  authority to settle the case?  Who has the authority to
18  appeal the case?  I think the cases that deal with the
19  standings issue are very well reasoned to the effect that
20  you can only have one party doing that and that's the
21  representative of the estate, in this case the Debtor in
22  Possession, without all of the creditors running around
23  willy-nilly bringing actions to bring in property of the
24  estate or to exclude property of the estate.

25          So to the extent Catholic Diocese would support

10

1   Alphamed's position, I decline to follow it and believe
2   that it is not correctly decided.

3              As an alternate ground for my ruling, I think
4   that Alphamed is indeed subject to the Rucker-Feldman
5   (Phonetic) doctrine.  Recently, the Supreme Court has
6   stated that Rucker-Feldman is a very narrow one.  In the
7   Exxon-Mobile case, at 125 Supreme Court, 1517, they
8   indicated that the Supreme Court has only found the Rucker-
9   Feldman doctrine to be applicable in two cases over the
10  years.  But the two cases involved the situation as noted
11  by the Supreme Court where the party lost in the State
12  Court and then filed a Federal action seeking similar
13  relief and in that specific case, the Federal Court is
14  bound by the State Court ruling.

15             On top of Rucker-Feldman, there is a statute, 28
16  U.S.C. 1738, which is the full faith and credit statute
17  which required Federal Courts to give full faith and credit
18  to decisions of State Courts, and here, I have to give full
19  faith and credit to the Florida Court's ruling.  This of
20  course is all subject to modification should that ruling be
21  overturned on appeal.

22             So Mr. Ahrens, I will ask you to please submit an
23  order granting the motion to dismiss Alphamed's complaint.
24             MR. AHRENS: I will, Your Honor.  Thank you.
25             THE COURT: As to the omnibus objection, the

11

1   omnibus objection will be sustained as to Prodius
2   (Phonetic).  The record is clear that Mr. Lezdey filed the
3   claim on behalf of Prodius.  He filed it in violation of a
4   preliminary injunction.  I do not believe that the
5   injunction in any way restricts or limits Federal Courts or
6   Federal Court jurisdiction.  All it does is restrict Mr.
7   Lezdey from what he can do on behalf of Prodius, and the
8   answer is he can't do anything, and that was a matter of
9   non-bankruptcy State law as to what his authority is, Mr.
10  Lezdey's authority as to Prodius, and so I reject the
11  argument that not letting him file the claim for Prodius is
12  in derogation of any Federal jurisdiction.

13          For the exact same reason I sustain the omnibus
14  objection as to Sonoran.  As to Alphamed, I believe I've
15  discussed my reasons why the objection to its claim is to
16  be sustained, although that ruling is again subject to
17  being revisited -- this ruling is subject to being
18  revisited in the event that the Florida Court ends up
19  finding that Alphamed does have a valid claim against the
20  Debtor.

21          I also sustain the omnibus objection as to Jamie
22  Holding (Phonetic), which I believe is bound by the
23  findings in the Arizona litigation on the theory, if
24  nothing else, that it was in privy with the particular
25  parties.

12

1        And finally, I sustain the objection as to Mr.
2   John Lezdey.  First -- and in doing so, I also deny the
3   motion to allow his late-filed claim.  Everybody here is
4   familiar with the Pioneer case by the Supreme Court which
5   cited a series of factors the court is to look at: the
6   danger of prejudice to the debtor, the length of the delay
7   and its potential impact on judicial proceedings, the
8   reason for the delay including whether it was in the
9   reasonable control of the movant and whether the movant
10  acted in good faith.  Here, although not every one of the
11  factors dictates in favor of the Debtor's objection, I do
12  find that the filing of the claim was under the reasonable
13  control of the movant.  Indeed, Mr. Lezdey was able to file
14  claims on behalf of his other entities on a timely basis,
15  and no explanation, plausible explanation, has been offered
16  as to why if he thought he had a claim, he couldn't do it
17  on behalf of himself.

18        I also find that he did not act in good faith in
19  filing his claim.  Just the claim on its face is lacking in
20  any kind of specificity.  I don't even think it gives
21  reasonable notice as to the basis for the claims, and this
22  is especially true in light of the history of litigation
23  between Mr. Lezdey and the Debtor and the findings of the
24  State Court.

25        On top of denying the motion to file the late

13

1   claim, I would deny the motion on the -- I would disallow
2   his claim; I'm backing up a little -- based on the shares
3   and the theft and I.P. loss and the malicious prosecution
4   claims for the reasons outlined by the Debtor in the
5   objection which I'm not going to go through.  I reject the
6   Debtor's arguments that the lack of any records on the
7   Debtor's part is a basis for disallowing the claim.  I
8   reject the Debtor's argument that the fact that there's no
9   judgment is a basis for disallowing the claim.  But as to
10  those three items, I accept the remaining arguments as a
11  basis for disallowing Mr. Lezdey's claim.

12         As to the spinal injury and defamation, the
13  Bankruptcy Court's jurisdiction to rule on personal injury
14  claims is limited.  They seem to be personal injury claims,
15  so that in the event that it turns out that the -- my
16  ruling on the late claim is overturned by a higher court, I
17  believe that the spinal injury and defamation claims would
18  have to be litigated in District Court.  It would be my
19  intention to recommend that the reference be withdrawn as
20  to litigating those matters.

21         I think I've ruled on everything.

22         MR. AHRENS: Your Honor, on J.L. Technology, the
23  ruling is the same as Jamie?

24         THE COURT: Yes.  Yes, thank you.  I'm sorry about
25  that.

14

1          MR. AHRENS: We will prepare that order.

2          THE COURT: All right. And my statements on the

3   record will constitute my findings and conclusions.

4          Oh, there is one motion I didn't rule on, and

5   that's the motion to estimate. As a backup and alternative

6   ruling, I'm going to estimate each of the claims at issue

7   as zero, based -- for the same reasons I choose to disallow

8   them. So if a backup ruling on that is needed as an

9   alternative ground, I would estimate them as zero. I do

10  not believe that I need to make factual findings if the

11  basis for the disallowance is based on law as opposed to

12  findings of fact, and that is I believe the case here.

13         MR. AHRENS: Thank you, Your Honor. I just have

14  one housekeeping matter.

15         THE COURT: Yes.

16         MR. AHRENS: Yesterday, Mr. Butler and myself and

17  Mr. Cooper all agreed upon the form of the Disclosure

18  Statement and order to be entered. Should we upload that

19  tonight or do you -- we also have a copy of the Disclosure

20  Statement order.

21         THE COURT: I could -- if you've got a copy right

22  here and it'll move things along, I could sign it.

23         MR. AHRENS: And then per the order of the Court,

24  we will be mailing out the Plan package on Monday.

25         THE COURT: All right. Did anybody have any

15

1   continuing objections to the Disclosure Statement that have

2   not been resolved, without conceding any confirmation

3   issues, of course?

4           All right, Mr. Ahrens, you've made all the

5   changes that have been ordered?

6           MR. AHRENS: Yes, Your Honor.

7           THE COURT: Okay.

8           MR. AHRENS: Thank you, Your Honor.  I think that

9   concludes the matters for today.

10          THE COURT: All right.  Thank you all.  Madam

11  Deputy, I believe that concludes our court for today.

12          THE CLERK: Yes, Your Honor.

13          THE COURT: All right.  Thank you.

14      (Whereupon, the proceedings are concluded at 3:30

15  p.m.)

16

17

18

19

20

21

22

23

24

25

16

1

2

3

4

5                      CERTIFICATE OF TRANSCRIBER

6

7

8              I certify that the foregoing is a correct

9     transcript from the digital sound recording of the

10    proceedings in the above-entitled matter.

11

12    DATED: December 29, 2007

13

14                          By:___/s/ Jo McCall_____

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

ARRIVA PHARMACEUTICALS, INC. fka       No. C 99-02169 SI
9   ALPHAONE PHARMACEUTICALS, INC., a
California corporation,                 **ORDER GRANTING PLAINTIFF'S**
10                                       **MOTION TO DISMISS DEFENDANTS'**
                Plaintiff,               **DECLARATORY RELIEF**
11   v.                                  **COUNTERCLAIM, CONDITIONED**
                                         **UPON PLAINTIFF's DISMISSAL OF**
12   SONORAN DESERT CHEMICALS, LLC, etc., **CLAIMS**
et al.,
13
                Defendants.
14   _____/

15   AND RELATED COUNTERCLAIMS.
     _____/
16

17        On June 23, 2006, the Court heard argument on plaintiff's motion to dismiss defendants'

18   counterclaim for declaratory relief. Having considered the arguments of counsel and the papers

19   submitted, and for good cause appearing, the Court hereby GRANTS plaintiff's motion for the reasons

20   and on the conditions set forth below.

21

22                                   **BACKGROUND[1]**

23   **1.    Parties and factual history**

24        This action arises from a dispute between two former business partners, Dr. Allan Wachter

25   ("Wachter"), a medical doctor, and defendant John Lezdey ("Lezdey"), a patent attorney. In the early

26

27        [1]Much of the factual history appears in both parties' moving papers and are therefore assumed
     to be uncontested. Citations are therefore provided only when a fact is disputed or appears only in the
28   filings of one party.

1990s, Wachter and Lezdey invented and jointly acquired patents for medical technologies related to the treatment of inflammation. In 1992, Wachter and Lezdey transferred their interests in the patents to defendant Sonoran Desert Chemicals Limited ("Sonoran"). Sonoran is 50% owned by Wachter through two holding companies, Nathan M. Technologies and Seth Chemicals, and 50% owned by Lezdey, also through two holding companies, J.L. Technology LP and J & D Science, Inc.

Shortly after forming Sonoran, Wachter and Lezdey formed Protease Sciences, Inc. ("Protease") and authorized Protease to serve as Sonoran's agent for, among other things, negotiating and entering into licensing agreements on behalf of Sonoran. Protease was originally owned 50% by Wachter and his family and 50% by Lezdey and his family. At the time, Wachter and Lezdey were Protease's sole board members. The identity of Protease's current owners and board members is a matter of dispute between Wachter and Lezdey. *See* Def. Counterclaim, ¶ 11; Decl. of Grant L. Kim In Support of Arriva's Motion to Dismiss ("Kim Decl."), Ex. 23, at 5-19.

On April 16, 1998, Protease entered into a purported License Agreement with plaintiff Arriva Pharmaceuticals, Inc. ("Arriva"),[2] then known as AlphaOne Pharmaceuticals, under which Protease granted Arriva exclusive license to utilize the Sonoran patents in specified medical fields. Pl. Compl. Ex.1. The validity of this Protease/Arriva license is the central disputed issue giving rise to this action. Wachter alone signed the agreement on behalf of Protease, but Arriva contends that Lezdey advised and approved the execution of the agreement. Pl. Compl. ¶ 13. Lezdey, on the other hand, alleges that the agreement was unlawfully executed without his knowledge or consent. Def. Counterclaim ¶ 19.

At some point following the execution of the Protease/Arriva license, Arriva entered into a sub-license with counter-Defendant Baxter Healthcare Corporation ("Baxter") that provided Baxter with specified rights to the patents. The validity of this sub-license is also disputed by Lezdey. Def. Compl. ¶ 23.

AlphaMed Pharmaceuticals ("AlphaMed") is the final relevant party to the dispute. AlphaMed was formed by Lezdey and his family in 1999. In the same year, AlphaMed purportedly received a license from Protease for its patents. Arriva alleges that the Protease/AlphaMed license is invalid and

---

[2]Arriva is owned by Wachter, Lezdey and others.

United States District Court
For the Northern District of California

violates the terms of the Protease/Arriva exclusive licensing agreement. Compl. ¶¶ 27-30.

**2.    This action: Filing and stay**

After Lezdey allegedly questioned the validity of the Protease/Arriva license and the Arriva/Baxter sub-license in discussions with Arriva's board members, potential investors and business partners, Arriva and Wachter filed multiple lawsuits, including this action. In May 1999, Arriva filed the complaint before this Court, naming seven defendants: Lezdey, Lezdey's two sons (Jarrett and Darren Lezdey), Sonoran, Protease, and Lezdey's two holding companies, J&D Science and J.L. Technology.[3] Shortly after the filing of this complaint, Wachter filed his own complaint in Arizona state court, raising similar issues and naming the same seven defendants plus Lezdey's wife, Noreen.

After this Court denied Arriva's motion for a temporary restraining order, the parties agreed to a stay of this federal action, pending the outcome of the related Arizona case. In particular, the parties noted that the Arizona court was adjudicating issues related to the ownership of Protease and to the validity of actions taken by Protease with respect to Arriva, and that these issues could have a significant impact on this action. Kim Decl., Ex. 3, Joint Case Management Statement of December 2, 1999, at 2. The stay took effect in December 1999.

**3.    Arizona court litigation: Preliminary injunction[4]**

In February 2000, the Arizona state court, following an evidentiary hearing attended by Lezdey, issued a preliminary injunction that prohibited Lezdey, his sons or either of his two holding companies from "acting or speaking, or purporting to act or speak, on behalf of Protease or Sonoran without Plaintiffs' [Wachter's] consent." Kim Decl., Ex. 4, Preliminary Injunction of February 2, 2000, at 13. The injunction also prohibited the defendants from contacting any of Arriva's potential business partners and investors or otherwise interfering with Arriva's business operations. *Id.*

---

[3] Arriva's complaint also includes employment-related causes of action against Lezdey's sons, who subsequently filed counterclaims against Arriva. Issues related to these causes of action are not the subject of this motion and are therefore not discussed.

[4] This Court takes judicial notice of the Arizona court orders and pleadings.

3

1    More importantly for this matter, the Arizona court issued extensive Findings of Fact along with

2    its Order. These findings include:

3    •    "Lezdey knew the material terms and conditions of the [Protease/Arriva] License

4         Agreement, advised Wachter that the Agreement was valid, and approved Wachter's

5         execution thereof." *Id.*, ¶ 41.

6    •    The Protease/Arriva license is "valid and enforceable." *Id.*, ¶ 61

7    In November 2000, the Arizona Superior Court added to its finding through an amendment to

8    the preliminary injunction. The court further found that the Protease/AlphaMed license was improperly

9    created and that John Lezdey had testified untruthfully in his deposition regarding the AlphaMed

10   license. Kim Decl., Ex.6, Amended Injunction, at 2-3. All other findings were confirmed. *Id.*

11   Lezdey and his sons did not appeal the Arizona court's preliminary injunction.

12

13   **4.    Arizona court litigation: Permanent injunction**

14   Following a series of delays, including an unsuccessful attempt by Lezdey to have the case

15   removed to a federal court in Arizona, a bench trial took place in January 2002. The trial was not

16   without its peculiarities. Despite repeated advance notice, neither Lezdey, his sons, his wife nor their

17   counsel attended the trial.[5] In addition, in the month preceding the trial, the Arizona court had entered

18   a liability judgment against Lezdey's sons as a sanction for their failure to appear for depositions. The

19   trial against Lezdey's sons, therefore, was on the issue of damages only. Another factor complicating

20   the trial was Lezdey's declaration of bankruptcy on the day immediately preceding the trial's

21   commencement, thereby automatically staying the case against him. Notwithstanding these

22   complications, the court conducted a bench trial against Lezdey's sons (on damages only), his wife

23   Noreen and J.L. Technology.[6] The trial included multiple hours of witness testimony and the

24   introduction of almost 300 exhibits. Kim Reply Decl., Ex. A, Tierney Affidavit, ¶ 21.

25

26   [5]Lezdey contends that ill health and financial difficulties prevented him and his family from
     attending the trial. The Arizona court rejected this argument. Kim Decl., Ex. 15 at 5.
27

28   [6]Lezdey's other holding company, J & D Science, was not a party to the trial, having also filed
     for bankruptcy in the week prior to trial.

United States District Court
For the Northern District of California

1    On February 22, 2002, the Arizona Court issued a final judgment against Lezdey's sons and J.L.
2    Technology.[7] In addition to awarding Wachter $17.4 million in compensatory and punitive damages,
3    the court issued a permanent injunction against Lezdey's sons and J.L. Technology that mirrored its
4    preliminary injunction. Moreover, the court found that the Protease/Arriva license was "valid and
5    enforceable" and remained "fully in effect." Kim Decl., Ex. 8, Permanent Injunction, ¶¶ 38, 61. The
6    court further found that John Lezdey had violated his fiduciary duty to Wachter, Protease, Sonoran and
7    Arriva by, among other things, preparing false documents and improperly interfering with Arriva's
8    business operations and prospective business partners. Lastly, the court found the Protease/AlphaMed
9    license to be "wholly void and of no effect." *Id.*, ¶ 72.

10    Lezdey's sons and J.L. Technology unsuccessfully appealed the Arizona judgment and
11    permanent injunction.

12    Although the validity of the Protease/Arriva license would appear to have been decided in the
13    Arizona litigation, defendants argue that this Court should discount the Arizona court's ruling for two
14    primary reasons. First, as a result of the bankruptcy stay, John Lezdey was not a direct party to the
15    Arizona trial, the final judgment or the permanent injunction.[8] Second, the judgment against Lezdey's
16    sons resulted from a discovery sanction and not from evidence produced at trial. For these reasons,
17    defendants assert that Lezdey and his sons have not had an adequate opportunity to litigate the license
18    issue.

19

20    **5.    Arizona court litigation: Pending suit against John Lezdey**

21    In July 2002, the Bankruptcy Court lifted the automatic stay that had prevented Wachter from
22    pursuing his claims against Lezdey in the Arizona litigation. As a result of numerous postponements,
23    a trial date has yet to be determined. However, the Arizona court has scheduled a conference between
24    the parties and a newly assigned Superior Court judge on August 25, 2006 to schedule a trial date. The

25    

26    [7]The Arizona Superior Court also entered judgment against Lezdey's wife Noreen. This
27    judgment was vacated on appeal.

28    [8]Lezdey was, however, indirectly a party to the trial and its result as a co-owner of J.L.
Technology LP.

5

United States District Court
For the Northern District of California

1    parties' Pretrial Statement indicates that the validity of the Protease/Arriva license will once again be

2    a central issue.[9] Kim Reply Decl., Ex. D, Joint Pretrial Statement, filed June 21, 2004, at 12 (xiv)-(xv),

3    19 (xv)-(xxii).

4

5    **6.    Arizona court litigation: Contempt proceedings against John Lezdey**

6           Lezdey's relationship with the Arizona Superior Court has not been good. He has been held in

7    contempt of court on three separate occasions: first, in October 2000, for testifying untruthfully during

8    his deposition and refusing to appear at a later deposition; second, in February 2002, for willfully

9    violating the court's preliminary injunction by interfering with Arriva's business operations and acting

10   on behalf of Protease without Wachter's consent; and in September 2003, for failing to pay previously

11   imposed sanctions, for continuing to violate the preliminary injunction, and for repeatedly delaying the

12   Arizona action through bad faith procedural actions.

13          In its final contempt order, the Arizona court specifically found that Lezdey's filing of the

14   federal counterclaim in this case on behalf of Sonoran without Wachter's consent was a violation of the

15   preliminary injunction and has ordered Lezdey to dismiss the Sonoran counterclaim in this court.

16          The Arizona contempt proceedings had one additional and important outcome. In November

17   2004, as a sanction for Lezdey's continued disregard of the various contempt orders, the Arizona court

18   dismissed with prejudice all of Lezdey's counterclaims against Wachter in the Arizona litigation.

19   Lezdey and Sonoran rely heavily on this inability to bring a counterclaim in Arizona court in their

20   opposition to the motion under consideration here.

21

22   **7.    Florida litigation: AlphaMed v. Arriva**

23          In 2003, AlphaMed, the company controlled by Lezdey and his sons, filed a tort suit against

24   Arriva in Florida federal court, claiming that Arriva had misappropriated trade secrets and engaged in

25   unfair competition. A trial resulted in a jury verdict in favor of AlphaMed. However, on May 26, 2006,

26   the Florida district court granted Arriva's motion for judgment as a matter of law. AlphaMed has filed

27   _____

28   [9]Whether Lezdey will be collaterally estopped from re-litigating the license validity issue is an open question.

6

1 a notice of appeal.

2

3                                    **DISCUSSION**

4          Arriva seeks an order dismissing the declaratory relief counterclaim by defendants Lezdey and

5 Sonoran, on the grounds that the central issue in the counterclaim - the validity of the Protease/Arriva

6 license - is the subject of ongoing litigation in an Arizona state court, and that this Court's involvement

7 is therefore duplicative and unnecessary. Arriva argues alternatively that defendant Sonoran's

8 counterclaim should be dismissed because Sonoran lacks capacity to assert the counterclaim without

9 Wachter's consent.[10]

10

11 **1.    Dismissal of Lezdey and Sonoran's counterclaim based on the *Brillhart* factors**

12         Under the express terms of the Declaratory Judgment Act, the granting of declaratory relief by

13 a district court is discretionary. *See* 28 U.S.C.A. § 2201(a) (West 2006); *Cont'l Cas. Co. v. Robsac*

14 *Indus.*, 947 F.2d 1367, 1369 (9th Cir. 1991). Although a pending state action does not require a district

15 court to refuse declaratory relief jurisdiction, when the state action presents the same state law issues

16 as the federal action, "there exists a presumption that the entire suit should be heard in state court."

17 *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S.

18 491, 495 (1942)).

19         Three primary factors govern a federal court's decision to grant declaratory relief jurisdiction

20 when a related action is pending in state court: (1) avoidance of duplicative litigation, (2) avoidance of

21 needlessly determining issues of state law, and (3) discouragement of forum shopping by either party.

22 *See Brillhart*, 316 U.S. at 495; *Robsac*, 947 F.2d at 1371; *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d

23 1012, 1016-19 (9th Cir. 1995), *overruled on other grounds, Gov't Employees Ins. v. Dizol*, 133 F.3d

24 1220, 1227 (9th Circ. 1998). An analysis of these factors may entail an inquiry into, among other

25 things, the scope of the state action, the availability of remedies and defenses, and the involvement of

26

27       [10]Arriva represented in its moving papers that if the counterclaim is dismissed, Arriva will

28 withdraw its claims against Lezdey and Sonoran, as well as its claims against three related companies.
The discussion which follows is conditioned on Arriva's doing so.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    necessary parties. *Brillhart*, 316 U.S. at 495.

2         Both parties agree that the validity of the Protease/Arriva license is "at the heart of this . . .

3    counterclaim for declaratory and injunctive relief." Kim. Decl., Ex. 21, at 3.  Plaintiff Arriva therefore

4    argues that, because the license's validity has been and continues to be the subject of extensive litigation

5    in Arizona state court, retrying the issue in this Court would: (a) be duplicative and wasteful, (b) require

6    an unnecessary determination of state law, and (c) encourage defendant Lezdey's bad faith efforts to

7    forum shop and otherwise disrupt the Arizona litigation.  Defendants Lezdey and Sonoran counter by

8    arguing that the validity of the license has not been extensively litigated in Arizona, that this Court is

9    better suited to decide the issue and that Arriva is the party guilty of forum shopping.

10

11         **A.      First *Brillhart* factor: Duplicative litigation of license validity**

12         The Court concludes that the Protease/Arriva license issue has already been extensively litigated

13   in the Arizona court, and that any litigation in this court would be duplicative.  The license's validity

14   was a specific finding in the court's final judgment and permanent injunction against Lezdey's sons and

15   J.L. Technology and in its preliminary injunction order against Lezdey.  The preliminary injunction was

16   issued after a two-day evidentiary hearing in which both Lezdey and his counsel participated.  The final

17   judgment and permanent injunction followed a bench trial that included multiple hours of testimony and

18   the introduction of almost 300 exhibits. Kim Reply Decl., Ex. A, Tierney Affidavit, ¶ 21.  Moreover,

19   during the more than 7 years that the litigation has been pending in Arizona court, Lezdey and his

20   counsel have filed an answer and counterclaims, actively participated in discovery and submitted

21   numerous motions.  Finally, to the extent that this history of litigation is insufficient, defendant Lezdey

22   will have the opportunity to once again litigate the license issue in the upcoming trial against him in

23   Arizona state court.

24         Defendants Lezdey and Sonoran argue that litigation of the license issue would not be

25   duplicative because plaintiff Arriva and counter-Defendant Baxter are not parties in the Arizona

26   litigation.  However, the Ninth Circuit has held that dismissal of a federal declaratory relief claim may

27   be warranted even when the parties to a related state court proceeding are not identical to those in the

28   federal action. *See Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1015 (9th Cir. 1995).  This

8

United States District Court
For the Northern District of California

1    is particularly true when the state court has already developed a factual record and/or will effectively

2    decide the issue about which declaratory relief is sought. *See id.* at 1017. In *Hungerford*, an insurance

3    company filed a federal claim against one of its customers seeking a declaration of non-coverage. *Id.*

4    at 1015.   The insured was involved in a related state court proceeding that shared many of the

5    underlying facts with the federal action. *Id.* However, the insurance company was "not a party to [the

6    California state] action and could not, under California law, have been joined as a party or had the issue

7    of insurance coverage heard in the California proceeding." *Id.* at 1016. Nonetheless, the Ninth Circuit

8    dismissed the insurance company's declaratory relief claim. *Id.* at 1019. The court held that the state

9    court was a more suitable forum for the insurance company's declaratory relief claim because the state

10   court had already developed an extensive factual record while the federal record was "barren." *Id.* at

11   1017.  Trying the insurance company's claim in federal court would therefore "result in a waste of

12   federal resources at every level of the decision making process." *Id.* at 1018; *see also McGraw-Edison*

13   *Co. v. Performed Line Products Co.*, 362 F.2d 339, 344-345 (9th Cir. 1966) (dismissing defendant's

14   declaratory relief counterclaim on the grounds that the issue would be effectively decided in a related

15   Ohio District Court case even though defendant was not a party to the Ohio case and could not be bound

16   by its result).

17          With regard to the present action, the Arizona court has developed a much more extensive

18   factual record than this Court.  The Arizona litigation has involved considerable discovery (in which

19   Lezdey and Sonoran have participated), multiple evidentiary hearings and a bench trial that resulted in

20   a lengthy findings of fact.  The factual record before this Court is, on the other hand, essentially

21   "barren." *See Hungerford*, 53 F.3d at 1017. In addition, as discussed previously, the Protease/Arriva

22   license issue will be decided by the Arizona court even though Arriva and Baxter are not party to the

23   Arizona proceedings.          Defendants distinguish *Hungerford* by arguing that a key factor in the

24   *Hungerford* court's dismissal was the availability of declaratory relief in state court. *See Hungerford*,

25   53 F.3d at 1018.  While the defendants in this case have admittedly been barred from bringing a

26   declaratory relief claim in the Arizona court, the remedy's unavailability is the result of defendant

27   Lezdey's contemptuous acts, not as a result of a procedural hurdle. In striking Lezdey's counterclaims,

28   Arizona Superior Court Judge Armstrong noted, "To protect and preserve the integrity of the judicial

9

United States District Court
For the Northern District of California

1    system, Defendant [Lezdey] should not be permitted to press claims in the Court while openly defying

2    its authority." Declaration of John C. Steele in Support of Lezdey and Sonoran's Opposition ("Steele

3    Decl."), Ex. C, Superior Court of Arizona Order, at 2. Lezdey has not appealed this decision.

4    Furthermore, Lezdey's explanation for his behavior towards the Arizona court - that plaintiff Arriva and

5    Wachter are participating in a malicious scheme to bankrupt Lezdey and his family in which the Arizona

6    court is complicit - is unpersuasive. Def. Opposition at 7, 12.

7         Defendants also argue that, because the Arizona court's judgment against Lezdey's sons was the

8    result of a discovery sanction and not the result of evidence produced at trial, the license issue has not

9    actually been litigated in the Arizona court. This argument is flawed for two reasons. First, none of the

10   cases cited by either party requires that an issue have been *actually litigated* in state court. The cases

11   only require that the issue be the subject of *pending* state litigation. A well-developed factual record

12   in state court, not a final judgment, is the relevant factor. *See Hungerford*, 53 F.3d at 1016. Even

13   assuming that the defendants are correct and the rules of collateral estoppel will not prevent re-litigation

14   of the license's validity in this Court or the Arizona court, the validity of the Protease/Arriva license will

15   be a main issue in the pending Arizona trial against John Lezdey. Second, although Lezdey's sons were

16   the subject of the discovery sanction, another defendant in the 2002 Arizona trial and final judgment,

17   the Lezdey holding company J.L. Technology, had not been the subject of sanctions. The evidence

18   presented at trial was therefore necessary for a finding of its liability.

19        In summary, judicial economy would be best served by allowing the Arizona state court to

20   decide (to the extent it has not already decided) the Protease/Arriva license validity issue. The Arizona

21   court has already developed a factual record on the issue through a previous trial and related discovery

22   (in which defendants Lezdey and Sonoran have participated) and will continue to hear evidence and

23   argument on the issue in the upcoming trial of John Lezdey. Re-litigating the same issue in this Court

24   would therefore be unnecessarily duplicative.

25

26        **B.    Second *Brillhart* factor: Unnecessary determination of state law**

27        The Court also concludes that comity between this Court and the Arizona Superior Court

28   warrants denial of jurisdiction. The Supreme Court in *Brillhart* instructed that "gratuitous interference

1 | with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*,

2 | 316 U.S. at 495. In *Hungerford*, the Ninth Circuit noted that even if declaratory judgment would help

3 | clarify the legal issue pending before a state court, "such clarification would only come at the cost of

4 | increasing friction between state and federal courts, and would constitute an improper encroachment

5 | on state court jurisdiction." *Hungerford*, 53 F.3d at 1019. The court was particularly concerned about

6 | the risk that the state and federal courts might reach different conclusions when interpreting the same

7 | facts. *Id*. at 1019 n.7. In *McGraw-Edison*, the Ninth Circuit concluded that "it is well settled . . . that

8 | a declaratory judgment may be refused . . . where it is being sought merely to determine issues which

9 | are involved in a case already pending and can be properly disposed of therein." *McGraw-Edison*, 362

10 | F.2d at 343. Finally, where "the sole basis of [federal] jurisdiction is diversity of citizenship, the federal

11 | interest is at its nadir." *Robsac*, 947 F.2d at 1371.

12 |      Here, the sole basis for jurisdiction is diversity. Second, as in *Hungerford* and *McGraw-Edison*,

13 | the license issue is one of state, not federal, law. Even if, as the defendants contend, the license issue

14 | should be governed by California rather than Arizona law, it is nonetheless a state law issue. Third,

15 | because the validity of the Protease/Arriva license was a direct finding of the Arizona court in the 2002

16 | trial and will be an issue in the upcoming trial, there exists the risk that this Court's ruling would

17 | directly conflict with the Arizona court's ruling. This is the precise risk that the *Hungerford* court

18 | envisioned and consciously avoided. Finally, from a pragmatic standpoint, the fact that significant

19 | discovery and fact-finding have taken place in the Arizona court and not in this Court makes the Arizona

20 | court a more suitable forum for resolution of the license issue.

21 |

22 |      **C.**    **Third *Brillhart* factor: Avoidance of forum shopping**

23 |      Finally, the Court finds that dismissal is warranted to avoid forum shopping by the defendants.

24 | The parties agreed to stay this litigation to allow the Arizona suit to proceed; now, after obtaining

25 | several adverse rulings in Arizona, defendants seek a more favorable forum. The Ninth Circuit has

26 | discouraged such opportunistic maneuvering. *See Am. Casualty Co. v. Krieger*, 181 F.3d 1113, 1119

27 | (9th Cir. 1999) (upholding district court's granting of declaratory relief on the grounds that it helped

28 | prevent the defendants, who had lost several motions in federal court, from "wiping the slate clean and

United States District Court
For the Northern District of California

1    starting this litigation anew in state court on the eve of their federal court trial.")

2         Defendant Lezdey has also been formally rebuked for forum shopping and other delay tactics

3    by multiple courts. The Arizona District Court sternly reprimanded and sanctioned Lezdey for

4    attempting a second removal of the state case to federal court. Kim Decl., Ex. 12 at 2:5. A Florida

5    Bankrupty Court judge was equally direct; while dismissing a motion by Lezdey in 2003, Judge

6    Timothy Corcoran noted that "it appears that this motion is just one more attempt by the debtor [Lezdey]

7    to avoid or delay trial in the Arizona action by engaging in improper forum shopping . . . the debtor's

8    conduct is even more egregious than was apparent in previous papers." Kim Decl., Ex. 11, Order

9    Denying Debtor's Motion for Temporary or Preliminary Relief, at 20. Finally, in the last of its three

10   contempt orders against Lezdey, the Arizona Superior Court specifically cited Lezdey's repeated, bad

11   faith efforts to delay the Arizona trial through forum shopping. Kim Decl., Ex. 17, Order dated

12   September 10, 2003 at 2, ¶ 6.

13

14   **2.    Dismissal of Sonoran's counterclaim**

15        Arriva argues alternatively that Sonoran's counterclaim should be dismissed on the grounds that,

16   by law, Sonoran lacks capacity to file the counterclaim because it does not have Wachter's

17   authorization. This Court agrees.

18        Arriva argues that Sonoran, by the terms of its own Operating Agreement[11] and the rulings of

19   the Arizona court, can only lawfully bring a counterclaim with the consent of Dr. Wachter. This

20   authorization is, of course, lacking. The Sonoran Operating Agreement requires that Lezdey or Wachter

21   get the consent of the other before acting on behalf of Sonoran, provided that either party supplies

22   written notice that their consent is required. Kim Decl., Ex. 20, Sonoran Operating Agreement, at 3.1.

23   Arriva contends that Wachter provided Lezdey with the required written notice when he filed various

24   motions with the Arizona court requesting that Lezdey be prohibited from acting on behalf of Sonoran

25

26        [11]According to Federal Rule of Civil Procedure 17(b), Sonoran's capacity to sue is governed by
     Nevada law, the state of its incorporation. Under Nevada law, the decision to file a lawsuit must be
27   made by members of the company in proportion to their capital contribution unless the corporation's
     operating agreement provides an alternate procedure, as is the case here. Nev. Rev. Stat §§ 86.281 and
28   86.291.

12

1  without Wachter's consent. Arriva further argues that the Arizona court's preliminary injunction, which

2  specifically prohibited Lezdey from acting for Sonoran without Wachter's consent, created a second

3  legal obligation. This second obligation is reinforced by the fact that the Arizona court found Lezdey

4  to be in violation of the injunction when he filed this counterclaim on behalf of Sonoran - a decision that

5  Lezdey unsuccessfully attempted to appeal.

6      Defendants do not contest any of the above facts. Instead, defendants argue that this Court

7  implicitly rejected the lack of capacity argument when it granted defendants leave to file their

8  counterclaims. Providing leave to file a claim, however, is not a decision on that claim's merits. In fact,

9  in a later order denying Lezdey's request for a TRO prohibiting enforcement of the Arizona injunction,

10  this Court noted that its decision to allow the counterclaims "was not intended to, and did not, express

11  any opinion concerning the validity of the Arizona injunction then in place against Mr. Lezdey." Kim

12  Reply Decl., Ex. E, Order Filed October 17, 2003.

13      Since Lezdey and Sonoran do not contest the key facts presented by Arriva, this Court concludes

14  that Sonoran lacks the capacity to sue without Wachter's consent.

15

16                              **CONCLUSION**

17      For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's

18  motion to dismiss defendants' counterclaims for declaratory relief (Docket No. 129).[12] This dismissal

19  is conditioned upon plaintiff filing a dismissal without prejudice of its claims against Lezdey, Sonoran

20  and the remaining defendants other than Lezdey's sons Jarrett and Darren within 7 days of the filing

21  date of this Order. Following plaintiff's dismissal, the only claims remaining before this Court will be

22  Arriva's two employment-related causes of action against Darren and Jarrett Lezdey and Darren and

23  Jarrett Lezdey's counterclaims for back pay, breach of contract and other employment-related issues.

24  These remaining claims will be the subject of the parties' next case management conference, scheduled

25

26      [12]Since defendants' request for injunctive relief is derivative of its declaratory relief claim, that
   claim is likewise dismissed by this Order. *See Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750,
27  755 (holding that, when an action consists of a declaratory relief claim and a non-declaratory claim that
   is "wholly dependent upon a favorable decision" on the declaratory claim, the entire action is one for
28  declaratory relief).

United States District Court
For the Northern District of California

1    for July 28, 2006.

2

3         **IT IS SO ORDERED.**

4

5    Dated: July 5, 2006

6                                                          SUSAN ILLSTON
7                                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:99-cv-02169-SI

Alphaone Pharmaceuti v. Sonoran Desert Chem, et al
Assigned to: Judge Susan Illston
Demand: $0
Cause: 28:1332 Diversity-Property Damage

Date Filed: 05/10/1999
Date Terminated: 12/18/2006
Jury Demand: Both
Nature of Suit: 380 Personal Property:
Other
Jurisdiction: Diversity

### Plaintiff

**Alphaone Pharmaceuticals, Inc.**

represented by **Grant L. Kim**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7359
Fax: 415-268-7522
Email: gkim@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kurt E. Springmann**
Morrison & Foerster LLP
425 Market St
San Francisco, CA 94105-2482
(415) 268-7000
*TERMINATED: 03/28/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Jacobs**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7455
Fax: (415) 268-7522
Email: mjacobs@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason A. Crotty**
Morrison & Foerster LLP

425 Market St.
San Francisco, CA 94105-2482
(415) 268-6381
Fax: 415-268-7522
Email: jcrotty@mofo.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sonoran Desert Chemicals, L.L.C.**          represented by **Richard J. Collier**
*TERMINATED: 07/14/2006*                                     Titchell Maltzman Mark & Ohleyer
                                                             650 California St
                                                             25th Flr
                                                             San Francisco, CA 94108
                                                             (415) 392-5600
                                                             Email: rjc@tmmo.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Douglas John Rovens**
                                                             Zelle, Hofmann
                                                             550 S.Hope Street
                                                             Suite 1600
                                                             Los Angeles, CA 90071-2228
                                                             (213) 895-4150
                                                             Email: drovens@ssd.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Steven Andrew Lamb**
                                                             Zelle, Hofmann, Voelbel, Mason &
                                                             Gette LLP
                                                             550 South Hope Street
                                                             Suite 1600
                                                             Los Angeles, CA 90071
                                                             213-895-4150
                                                             Fax: 213-895-4155
                                                             Email: slamb@zelle.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**J.L. Technology L.P.**          represented by **Richard J. Collier**
*TERMINATED: 07/14/2006*                         (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas John Rovens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Andrew Lamb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**J&D Science, Inc.**
*TERMINATED: 07/14/2006*

represented by **Richard J. Collier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas John Rovens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Andrew Lamb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Lezdey**
*TERMINATED: 07/14/2006*

represented by **Richard J. Collier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas John Rovens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Christopher Steele**
550 S.Hope Street
Suite 1600
Los Angeles, CA 90071
213-895-4150
Email: jsteele@zelle.com
*ATTORNEY TO BE NOTICED*

**Steven Andrew Lamb**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jarett Lezdey**

represented by **Jarett Lezdey**
1018 Laurel Oak Road
Suite 4
Voorhees, NJ 08043
PRO SE

**Defendant**

**Darren Lezdey**

represented by **Darren Lezdey**
John Lezdey & Associates
4625 E Bay Drive
Ste 302
Clearwater, FL 33764
PRO SE

**Defendant**

**Protease Sciences, Inc.**
*TERMINATED: 07/14/2006*

represented by **Richard J. Collier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas John Rovens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Andrew Lamb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter-defendant**

**Baxter Healthcare Corporation**

**Trustee**

**Andrea P. Bauman**
*Chapter 7 Trustee for the Bankruptcy
Estates of defendants and
counterclaimants Darren B. Lezdey*

represented by **Andrew W. Lennox**
Jennis Bowen & Brundage, PL
400 N. Ashley Drive, Sutie 2540
Tampa, FL 33602

*and Jarett R. Lezdey*                                    813-229-1700
                                                         Fax: 813-229-1707
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Sonoran Desert Chemicals, L.L.C.**      represented by **Richard J. Collier**
*TERMINATED: 07/14/2006*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Douglas John Rovens**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven Andrew Lamb**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Counter-claimant**

**John Lezdey**                           represented by **Richard J. Collier**
*TERMINATED: 07/14/2006*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Douglas John Rovens**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven Andrew Lamb**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

V.

**Counter-defendant**

**Alphaone Pharmaceuticals, Inc.**        represented by **Kurt E. Springmann**
                                                         (See above for address)
                                                         *TERMINATED: 03/28/2006*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Michael A. Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/10/1999 | 1 | COMPLAINT for Damages and Declaratory Relief ; Summons(es) issued; Fee status pd entered on 5/10/99 in the amount of $ 150.00 ( Receipt No. 3300893); jury demand [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 2 | EX-PARTE APPLICATION before Judge Maxine M. Chesney by Plaintiff Alphaone Pharmaceuti for temporary restraining order [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 3 | DECLARATION by Kurt E. Springmann on behalf of Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [2-1] [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 4 | DECLARATION by Philip J. Barr on behalf of Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [2-1] [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 5 | ORDER RE COURT PROCEDURE and SCHEDULE by Judge Maxine M. Chesney : Proof of service to be filed by 6/25/99 ; counsels' case management statement to be filed by 9/7/99 ; initial case management conference will be held 10:30 9/17/99 . (cc: all counsel) (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/11/1999 | 6 | DECLARATION by Allan M. Wachter on behalf of Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [2-1] [3:99-cv-02169] (cgd, COURT STAFF) (Entered: 05/14/1999) |
| 05/14/1999 | 7 | RESPONSE by defendant John Lezdey re motion for temporary restraining order [2-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 05/17/1999) |
| 05/14/1999 | 8 | DECLARATION by John Lezdey on behalf of defendant John Lezdey re response [7-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 05/17/1999) |
| 05/17/1999 | 9 | MINUTES: ( C/R Rosita Flores) ( Hearing Date: 5/17/99) denying plaintiff's motion for temporary restraining order [2-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 05/20/1999) |
| 06/02/1999 | 10 | RETURN OF SERVICE of summons and complaint executed upon |

| | | |
|---|---|---|
| | | defendants on 5/17, 5/22, 5/25 [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/03/1999) |
| 06/10/1999 | 11 | ANSWER by defendant Jarett Lezdey to complaint [1-1]; jury demand [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/15/1999) |
| 06/14/1999 | 12 | STIPULATION and ORDER by Judge Maxine M. Chesney : extending time to answer to 6/21/99 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/15/1999) |
| 06/21/1999 | 13 | ANSWER by defendant J.L. Technology L.P. to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 14 | ANSWER by defendant J&D Science, Inc. to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 15 | ANSWER by defendant Protease Sciences to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 16 | ANSWER by defendant Sonoran Desert Chem to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 17 | ANSWER by defendant John Lezdey to complaint [1-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/21/1999 | 18 | REPORTER'S TRANSCRIPT; Date of proceedings: 5/17/99 ( C/R: Rosita Flores) minutes [9-1] [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/22/1999) |
| 06/22/1999 | 19 | ANSWER TO COUNTERCLAIM to defendant Darren Lezdey's counterclaim [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/23/1999) |
| 06/22/1999 | 20 | ANSWER TO COUNTERCLAIM to defendant Jarett Lezdey's counterclaim [3:99-cv-02169] (ab, COURT STAFF) (Entered: 06/23/1999) |
| 08/11/1999 | 21 | CLERK'S NOTICE Case Management Statement is due 9/17/99 ; Case Management Conference set for 10:30 9/24/99 [3:99-cv-02169] (ab, COURT STAFF) (Entered: 08/16/1999) |
| 08/12/1999 | 22 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case Management Conference set for 12/10/99 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 08/19/1999) |
| 12/02/1999 | 23 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ab, COURT STAFF) (Entered: 12/06/1999) |
| 12/08/1999 | 24 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case |

| | | |
|---|---|---|
| | | Management Conference set for 3/24/00 ; Case Management Statement is due 3/17/00 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 12/10/1999) |
| 03/20/2000 | 25 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ab, COURT STAFF) (Entered: 03/21/2000) |
| 03/23/2000 | 26 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case Management Statement is due 9/15/00 ; Case Management Conference set for 9/22/00 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 03/27/2000) |
| 09/12/2000 | 27 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ab, COURT STAFF) (Entered: 09/12/2000) |
| 09/13/2000 | 28 | STIPULATION and ORDER by Judge Maxine M. Chesney : Case Management Statement is due 1/26/00 ; Case Management Conference set for 2/2/01 (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 09/14/2000) |
| 01/31/2001 | 29 | CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ga, COURT STAFF) (Entered: 02/09/2001) |
| 02/01/2001 | 31 | STIPULATION and ORDER by Judge Maxine M. Chesney : vacating case management conference , further stay of litigation (cc: all counsel) [3:99-cv-02169] (ab, COURT STAFF) (Entered: 02/14/2001) |
| 02/06/2001 | 30 | MOTION before Judge Maxine M. Chesney by defendant Darren Lezdey for summary judgment unnoticed [3:99-cv-02169] (ab, COURT STAFF) (Entered: 02/14/2001) |
| 03/05/2001 | 32 | PROOF OF SERVICE by defendant Darren Lezdey of [3:99-cv-02169] (ga, COURT STAFF) (Entered: 03/16/2001) |
| 03/09/2001 | 33 | ORDER by Judge Maxine M. Chesney denying without prejudice motion for summary judgment [30-1] ( Date Entered: 3/22/01) (cc: all counsel) [3:99-cv-02169] (ga, COURT STAFF) (Entered: 03/22/2001) |
| 04/03/2001 | 34 | MAIL [33-1] addressed to defendant Jarett Lezdey returned from Post Office [3:99-cv-02169] (ga, COURT STAFF) (Entered: 04/13/2001) |
| 07/09/2001 | 35 | JOINT CASE MANAGEMENT CONFERENCE STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/12/2001) |
| 07/13/2001 | 36 | MINUTES: ( C/R none) ( Hearing Date: 7/13/01) Court inquired |

| | | |
|---|---|---|
| | | about pending case in Arizona. Case Management Statement is due 2/1/02 ; Case Management Conference set for 10:30 2/8/02 ; [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/17/2001) |
| 07/13/2001 | 37 | STIPULATION and ORDER re further stay of litgation by Judge Maxine M. Chesney : (cc: all counsel) [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/17/2001) |
| 02/01/2002 | 38 | NOTICE OF BANKRUPTCY; DECLARATION OF JOHN LEZDEY by defendant J&D Science, Inc., defendant John Lezdey [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/04/2002) |
| 02/01/2002 | 39 | CASE MANAGEMENT STATEMENT filed. of defendant John Lezdey; J&D Sciences, Inc.; Sonoran Desert Chemicals, LLC; JL Technology, L.P., and Protease Sciences, Inc., [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/04/2002) |
| 02/04/2002 | 40 | PLAINTIFF'S CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/06/2002) |
| 02/08/2002 | 41 | MINUTES: ( C/R None) (Further Case Management Conference (Held) Hearing Date: 2/8/02) Case Management Statement is due 7/5/02; Stay remains in effect ; Case Management Conference CONTINUED for 10:30 7/12/02 ; Plaintiff's counsel informed the Court that trial in Arizona was held and some of the defendants declared bankruptcy [3:99-cv-02169] (aaa, COURT StafF) (Entered: 02/12/2002) |
| 07/05/2002 | 42 | PLAINTIFF'S CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/08/2002) |
| 07/09/2002 | 43 | PLAINTIFF'S CASE MANAGEMENT STATEMENT [3:99-cv-02169] (aaa, COURT StafF) (Entered: 07/11/2002) |
| 01/03/2003 | 44 | NOTICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences of association of attorney Douglas J. Rovens, Steven A. Lamb [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/06/2003) |
| 01/03/2003 | 45 | DEFENDANTS' CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/06/2003) |
| 01/08/2003 | 46 | PLAINTIFF'S CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/10/2003) |
| 01/09/2003 | 47 | DECLARATION by David C. Tierney on behalf of Plaintiff Alphaone Pharmaceuti IN CONJUNCTION WITH CASE MANAGEMENT CONFERENCE [3:99-cv-02169] (aaa, COURT |

| | | |
|---|---|---|
| | | StafF) (Entered: 01/10/2003) |
| 01/09/2003 | 48 | DECLARATION by Edwin G. Rice on behalf of Plaintiff Alphaone Pharmaceuti IN CONJUNCTION WITH CASE MANGEMENT CONFERENCE [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/10/2003) |
| 01/10/2003 | 49 | MINUTES: ( C/R None) ( Further Case Management Conference (Held) before the Honorable Maxine M. Chesney; Hearing Date: 1/10/03) Stay is lifted at all Defendant's Request pursuant to 2/1/01 stipulation and order. Joint Case Management Statement is due 3/21/03 ; Case Management Conference CONTINUED for 10:30 3/28/03 ; Defendant wants to file cross-complaints (and lift stay in case) [3:99-cv-02169] (aaa, COURT StafF) (Entered: 01/14/2003) |
| 03/21/2003 | 50 | JOINT CASE MANAGEMENT STATEMENT filed. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 03/25/2003) |
| 03/28/2003 | 51 | MINUTES: ( C/R None) (Further Case Management Conference (Held) by the Honorable Maxine M. Chesney; Hearing Date: 3/28/03) Court Directs Docket Clerk to "Unfile" Sonoran Desert Counterclaim & Delete Entry from Docket. Defendant Sonoran Desert is Directed to File a Motion to File Counterclaim. Joint Case Management Statement is due 7/18/03 ; Case Management Conference CONTINUED for 10:30 7/25/03 ; 5/30/03 Hearing in Phoenix Action [3:99-cv-02169] (aaa, COURT StafF) Modified on 04/01/2003 (Entered: 04/01/2003) |
| 05/13/2003 | 52 | NOTICE OF MOTION AND MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES before Judge Maxine M. Chesney by defendant Sonoran Desert Chem, defendant John Lezdey for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof with Notice set for 6/13/03 @ 9:00 a.m. [3:99-cv-02169] (aaa, COURT StafF) (Entered: 05/15/2003) |
| 05/13/2003 | 53 | NOTICE OF LODGING COUNTERCLAIM by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Jarett Lezdey, defendant Darren Lezdey, defendant Protease Sciences [3:99-cv-02169] (aaa, COURT StafF) (Entered: 05/15/2003) |
| 05/19/2003 | 54 | NOTICE of CONTINUING hearing by defendant Sonoran Desert Chem, defendant John Lezdey setting motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] ; hearing set for 9:00 6/27/03 [3:99-cv-02169] (aaa, COURT StafF) (Entered: 05/21/2003) |

| 06/06/2003 | 55 | OPPOSITION by Plaintiff Alphaone Pharmaceuti to motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/10/2003) |
|---|---|---|
| 06/06/2003 | 56 | DECLARATION by Paul J. Riley on behalf of Plaintiff Alphaone Pharmaceuti re opposition to motion for leave to file counterclaim [55-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/10/2003) |
| 06/06/2003 | 57 | PROOF OF SERVICE by Plaintiff Alphaone Pharmaceuti of declaration [56-1], opposition [55-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/10/2003) |
| 06/13/2003 | 58 | REPLY BRIEF FILED by defendant Sonoran Desert Chem, defendant John Lezdey regarding motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support of Motion for Leave to File Counterclaim Thereof [52-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/17/2003) |
| 06/13/2003 | 59 | DECLARATION by Douglass J. Rovens on behalf of defendant Sonoran Desert Chem, defendant John Lezdey re reply brief in support of motion for leave to file counterclaim [58-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/17/2003) |
| 06/13/2003 | 60 | PROOF OF SERVICE by defendant Sonoran Desert Chem, defendant John Lezdey of declaration [59-1], brief [58-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/17/2003) |
| 06/18/2003 | 61 | ORDER CONTINUING HEARING by Judge Maxine M. Chesney setting hearing on motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] 9:00 7/25/03 ( Date Entered: 6/24/03) (cc: all counsel) [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/24/2003) |
| 06/19/2003 | 62 | STATEMENT of RECENT DECISION IN FURTHER by Plaintiff Alphaone Pharmaceuti in further support of opposition to Defendant's Motion for Leave to File Counterclaim [55-1] [3:99-cv-02169] (aaa, COURT StafF) (Entered: 06/25/2003) |
| 07/03/2003 | 63 | STIPULATION and ORDER by Judge Maxine M. Chesney : setting hearing on motion for leave to file Counterclaim [52-1] for 9:00 a.m. on 8/15/03 Case Management Conference reset for 9:00 a.m. on 8/15/03 ; (cc: all counsel) [3:99-cv-02169] (rcs, COURT STAFF) (Entered: 07/08/2003) |
| 07/03/2003 | 64 | ORDER by Judge Maxine M. Chesney of recusal ( Date Entered: 07/08/03) (cc: all counsel) [3:99-cv-02169] (rcs, COURT STAFF) (Entered: 07/08/2003) |

| 07/07/2003 | 65 | ORDER by Executive Committee Case reassigned to Judge Susan Illston; referred to Judge Susan Illston the motion for leave to file Counterclaim [52-1] ( Date Entered: 07/08/03) (cc: all counsel) [3:99-cv-02169] (rcs, COURT STAFF) (Entered: 07/08/2003) |
|------------|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 07/08/2003 | 66 | CLERK'S NOTICE setting hearing on motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1] 9:00 8/15/03 Further Case Management Conference set for 2:30 10/3/03 ; A joint case management conference statement must be filed one week prior to the conference. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/10/2003) |
| 07/17/2003 | 68 | MAIL [66-2] returned addressed to Jarett Lezdey from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/01/2003) |
| 07/18/2003 | 67 | MAIL [66-2] addressed to Darren Lezdey returned from Post Office. Remailed to new addres. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/18/2003) |
| 07/21/2003 | 69 | MAIL [65-2] addressed to defendant Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/01/2003) |
| 08/14/2003 | 70 | NOTICE of Change of Firm Name by defendants'counsels' firm to Rovens Lamb LLP. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/15/2003) |
| 08/19/2003 | 71 | MINUTES: ( C/R K. Wyatt) ( Hearing Date: 8/15/03) granting motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1]. The case shall be stayed pending until the case management conference scheduled in October 2003. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/19/2003) |
| 08/19/2003 | 72 | ORDER by Judge Susan Illston granting motion for leave to file Counterclaim; Declarations of John Lezdey and Douglas J. Rovens in Support Thereof [52-1]. After the counterclaim has been filed with the Court, the action will be stayed pending the October 3, 2003 case management conference, at which time the Court will evaluate whether the stay should be lifted. ( Date Entered: 8/20/03) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/20/2003) |
| 08/29/2003 | 73 | AMENDED ANSWER by defendant Sonoran Desert Chem, defendant John Lezdey [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/04/2003) |
| 08/29/2003 | 74 | COUNTERCLAIM; jury demand by defendant Sonoran Desert |

| | | |
|---|---|---|
| | | Chem, defendant John Lezdey against Plaintiff Alphaone Pharmaceuti [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/04/2003) |
| 09/02/2003 | 75 | MAIL [72-1] addressed to Jarett lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/04/2003) |
| 09/05/2003 | 76 | PROOF OF SERVICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant Protease Sciences of order [72-1], clerk notice [66-2] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/08/2003) |
| 09/15/2003 | 77 | PROOF OF SERVICE by defendants of Summons and Complaint on Baxter Healthcare Corporation. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/15/2003) |
| 09/22/2003 | 78 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/23/2003) |
| 09/30/2003 | 79 | EX-PARTE APPLICATION before Judge Susan Illston by defendant Sonoran Desert Chem, defendant John Lezdey, defendant Protease Sciences, defendant J&D Science, Inc., defendant J.L. Technology L.P. for temporary restraining order , and for order to show cause or other appropriate relief directing the Arizona Superior Court for Maricopa County (the Honorable Paul A. Katz) to show cause why its contempt order, dated September 10, 2003, dismissing the counterclaim in this action (and other illegal orders) should not be enjoined. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 09/30/2003 | 80 | MEMORANDUM of Points and Authorities by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences in support of motion for temporary restraining order [79-1], of motion for order to show cause [79-2]; declarations of John Lezdey and Douglas J. Rovens in support thereof. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 09/30/2003 | | RECEIVED Proposed Order ( defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences ) re: motion for temporary restraining order [79-1], re: motion for order to show cause [79-2] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 09/30/2003 | 81 | PROOF OF SERVICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., |

| | | |
|---|---|---|
| | | defendant John Lezdey, defendant Protease Sciences of memorandum [80-1], motion for temporary restraining order [79-1], motion for order to show cause [79-2], proposed order. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/01/2003) |
| 10/02/2003 | 82 | Preliminary Memorandum in RESPONSE by Plaintiff Alphaone Pharmaceuti re motion for temporary restraining order [79-1] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/03/2003) |
| 10/02/2003 | 83 | PROOF OF SERVICE on Honorable Paul A. Katz by Plaintiff Alphaone Pharmaceuti of motion for temporary restraining order [79-1], motion for order to show cause [79-2] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/03/2003) |
| 10/07/2003 | 84 | ORDER by Judge Susan Illston denying motion for temporary restraining order [79-1], denying motion for order to show cause [79-2]. Stay in this action is continued until April 16, 2004. ( Date Entered: 10/8/03) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/08/2003) |
| 10/07/2003 | 85 | MINUTES: ( C/R None) Further Case Management Conference HELD ( Hearing Date: 10/3/03) Further Case Management Conference set for 2:30 4/16/04 ; The Court is not inclined to grant the motion for temporary restraining order. The stay imposed on this case shall remain in effect until April 16, 2004. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/08/2003) |
| 10/23/2003 | 86 | MAIL [84-1] addressed to Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/28/2003) |
| 04/02/2004 | 87 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/02/2004) |
| 04/14/2004 | | RECEIVED Joint Stipulation and proposed order for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/14/2004) |
| 04/15/2004 | 88 | JOINT STIPULATION and ORDER by Judge Susan Illston : Further Case Management Conference set for 2:30 6/25/04 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/15/2004) |
| 04/16/2004 | 89 | NOTICE of Entry of Order by Plaintiff, defendant [88-2] order [3:99-cv-02169] (ys, COURT STAFF) (Entered: 04/19/2004) |
| 06/10/2004 | | RECEIVED Joint stipulation and proposed order for continuance of the case management conference submitted by Plaintiff, defendants. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 06/14/2004) |

| 06/15/2004 | 90 | STIPULATION and ORDER by Judge Susan Illston : for continuance of the case management conference Case Management Conference set for 2:30 7/23/04 subject to the parties seeking an earlier case management conference; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 06/16/2004) |
| 07/02/2004 | 91 | MAIL [90-2] addressed to defendant Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/07/2004) |
| 07/13/2004 | 92 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/13/2004) |
| 07/21/2004 | 93 | NOTICE by defendant Sonoran Desert Chem, defendant J.L. Technology L.P., defendant J&D Science, Inc., defendant John Lezdey, defendant Protease Sciences of change of address [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/23/2004) |
| 07/30/2004 | 94 | MINUTES: ( C/R None) Further case management conference HELD ( Hearing Date: 7/23/04) Further Case Management Conference set for 2:30 9/10/04 ; This case shall be stayed until 9/8/04. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/03/2004) |
| 08/27/2004 | | RECEIVED Joint Request and Proposed order for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/30/2004) |
| 08/31/2004 | 95 | ORDER by Judge Susan Illston : Continuance of Case Management Conference set for 2:30 10/29/04 ; ( Date Entered: 9/2/04) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 09/02/2004) |
| 10/13/2004 | 96 | CLERK'S NOTICE Further Case Management Conference set for 2:30 11/16/04 ; [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/18/2004) |
| 11/08/2004 | 98 | MAIL [96-2] addressed to Jarett Lezdey, Esq. returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 11/16/2004) |
| 11/12/2004 | 97 | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 11/12/2004) |
| 11/16/2004 | | RECEIVED Joint Stipulation and Proposed Order for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: |

| | | 11/16/2004) |
|---|---|---|
| 11/17/2004 | 99 | STIPULATION and ORDER for continuance of the Case management conference by Judge Susan Illston : Case Management Conference set for 2:30 1/14/05 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 11/18/2004) |
| 12/10/2004 | 100 | REPORTER'S TRANSCRIPT; Date of proceedings: 8/15/03 ( C/R: Katherine Wyatt) minutes [71-1] [3:99-cv-02169] (ys, COURT STAFF) (Entered: 12/10/2004) |
| 01/06/2005 | | RECEIVED Joint Stipulation and proposed for continuance of the case management conference submitted by Plaintiff, defendant [3:99-cv-02169] (ys, COURT STAFF) (Entered: 01/06/2005) |
| 01/10/2005 | 101 | JOINT STIPULATION and ORDER by Judge Susan Illston : Case Management Conference set for 2:30 6/10/05 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 01/11/2005) |
| 06/03/2005 | 102 | NOTICE OF MOTION AND MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES ; declaration of Douglas J. Rovens before Judge Susan Illston by defendant Jarett Lezdey, defendant Darren Lezdey for order lifting stay and referrin gcase to bankruptcy court with Notice set for 6/10/05 at 2:30 pm. [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/03/2005 | 103 | EX-PARTE APPLICATION before Judge Susan Illston by defendant Jarett Lezdey, defendant Darren Lezdey for order shortening time to file motion for order lifting stay [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/03/2005 | | RECEIVED Proposed Order ( defendant Jarett Lezdey, defendant Darren Lezdey ) re: motion for order shortening time to file motion for order lifting stay [103-1] [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/06/2005 | 104 | MEMORANDUM by Plaintiff Alphaone Pharmaceuti in opposition to motion for order shortening time to file motion for order lifting stay [103-1], motion for order lifting stay and referrin gcase to bankruptcy court [102-1] [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/06/2005 | | RECEIVED Proposed Order for Continuance of the Case Management Conference ( Plaintiff Alphaone Pharmaceuti ) [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/07/2005) |
| 06/06/2005 | 105 | RESPONSE by Counter-defendant Baxter Healthcare re motion for order shortening time to file motion for order lifting stay [103-1] [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/09/2005) |

| 06/07/2005 | 106 | REPLY by defendant Jarett Lezdey, defendant Darren Lezdey re application for order shortening time to file motion for order lifting stay [103-1] [3:99-cv-02169] (cb, COURT STAFF) (Entered: 06/14/2005) |
|---|---|---|
| 06/13/2005 | 107 | MINUTES: ( C/R None) ( Hearing Date: 6/10/05) Further Case Management Conference set for 2:30 10/7/05 ; [3:99-cv-02169] (hdj, COURT STAFF) (Entered: 06/15/2005) |
| 06/13/2005 | 108 | ORDER by Judge Susan Illston Case Management Conference set for 2:30 10/7/05 ; ( Date Entered: 6/16/05) (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 06/16/2005) |
| 07/11/2005 | 109 | NOTICE by defendant Sonoran Desert Chem, defendant John Lezdey, Counter-claimant Sonoran Desert Chem, Counter-claimant John Lezdey of change of address [3:99-cv-02169] (ys, COURT STAFF) (Entered: 07/12/2005) |
| 08/18/2005 | 110 | Certificate/PROOF OF SERVICE of Clerk's Notice re continuance of case management conference to 10/17/05 at 2:30 p.m.. [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/19/2005) |
| 08/18/2005 |  | Docket Modification (Administrative) to service [110-1] Case Management Conference set for 2:30 10/17/05 ; [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/19/2005) |
| 08/30/2005 | 111 | MAIL [110-1] addressed to Jarett Lezdey returned from Post Office [3:99-cv-02169] (ys, COURT STAFF) (Entered: 08/31/2005) |
| 10/06/2005 | 112 | STIPULATION and ORDER by Judge Susan Illston : continuing Case Management Conference set for 2:30 12/2/05 ; (cc: all counsel) [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/07/2005) |
| 10/24/2005 | 113 | Amended CLERK'S NOTICE Case Management Conference set for 9:00 12/1/05 ; [3:99-cv-02169] (ys, COURT STAFF) (Entered: 10/25/2005) |
| 11/03/2005 | 114 | Mail Returned as Undeliverable re 113 . Mail sent to Kurt E. Springmann, Michael A. Jacobs. (ys, COURT STAFF) (Filed on 11/3/2005) (Entered: 11/07/2005) |
| 11/09/2005 |  | Joint Stipulation and proposed order for continuance of the case management conference by parties. (ys, COURT STAFF) (Filed on 11/9/2005) (Entered: 11/10/2005) |
| 11/14/2005 | 115 | STIPULATION AND ORDER for Continuance of the case management conference to 12/19/05 at 10:30 a.m.. Signed by Judge Susan Illston on 11/10/05. (ys, COURT STAFF) (Filed on 11/14/2005) (Entered: 11/14/2005) |

| 11/14/2005 | | Set Deadlines/Hearings: Case Management Conference set for 12/19/2005 10:30 AM. (ys, COURT STAFF) (Filed on 11/14/2005) (Entered: 11/14/2005) |
|---|---|---|
| 12/05/2005 | 116 | Mail Returned as Undeliverable re 113 . Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 12/5/2005) (Entered: 12/06/2005) |
| 12/07/2005 | | Joint Stipulation and Proposed Order for Continuance of the Case Management Conference by parties. (ys, COURT STAFF) (Filed on 12/7/2005) (Entered: 12/08/2005) |
| 12/08/2005 | 117 | JOINT STIPULATION AND ORDER for Continuance of the Case Management Conference to 2/10/05 at 2:30 p.m.. Signed by Judge Susan Illston on 12/7/05. (ys, COURT STAFF) (Filed on 12/8/2005) (Entered: 12/12/2005) |
| 12/08/2005 | | Set Deadlines/Hearings: Case Management Conference set for 2/10/2006 02:30 PM. (ys, COURT STAFF) (Filed on 12/8/2005) (Entered: 12/12/2005) |
| 01/23/2006 | 118 | CERTIFICATE OF SERVICE of Notice re continuance of case management conference to 2/24/06 at 2:30 p.m.. (ys, COURT STAFF) (Filed on 1/23/2006) (Entered: 01/24/2006) |
| 01/23/2006 | | Set Deadlines/Hearings: Further Case Management Conference set for 2/24/2006 02:30 PM. (ys, COURT STAFF) (Filed on 1/23/2006) (Entered: 01/24/2006) |
| 02/13/2006 | 119 | JOINT CASE MANAGEMENT STATEMENT. (ys, COURT STAFF) (Filed on 2/13/2006) (Entered: 02/13/2006) |
| 03/02/2006 | 120 | Minute Entry: Further Case Management Conference held on 2/24/2006 before Susan Illston (Date Filed: 3/2/2006). Further case management conference set for 3/24/06 at 2:30 p.m.. The Court lifted the stay that was previously imposed on this case. "Baxter" shall file its response within 30 days. (Court Reporter None.) (ys, COURT STAFF) (Date Filed: 3/2/2006) (Entered: 03/02/2006) |
| 03/02/2006 | | Set Deadlines/Hearings: Further Case Management Conference set for 3/24/2006 02:30 PM. (ys, COURT STAFF) (Filed on 3/2/2006) (Entered: 03/02/2006) |
| 03/02/2006 | 121 | ORDER: This case shall be referred to the Court's E.Filing (ECF) Program. All filings shall be made in compliance with General Order 45. Signed by Judge Susan Illston on 3/1/06. (ys, COURT STAFF) (Filed on 3/2/2006) (Entered: 03/03/2006) |
| 03/03/2006 | 122 | Mail Returned re 118 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 3/3/2006) (Entered: 03/07/2006) |

| 03/17/2006 | 123 | STIPULATION *JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CASE MANAGEMENT CONFERENCE AND RESPONSE TO COUNTERCLAIM* by Alphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 3/17/2006) (Entered: 03/17/2006) |
| --- | --- | --- |
| 03/21/2006 | 124 | ORDER ; case management continued to 4/14/06. Signed by Judge Illston on 3/20/06. (ts, COURT STAFF) (Filed on 3/21/2006) (Entered: 03/21/2006) |
| 03/21/2006 | | Set Deadlines/Hearings: Case Management Conference set for 4/14/2006 02:30 PM. (ys, COURT STAFF) (Filed on 3/21/2006) (Entered: 03/22/2006) |
| 03/28/2006 | 125 | NOTICE of Change In Counsel by Grant L. Kim *Notice of Substitution of Counsel* (Kim, Grant) (Filed on 3/28/2006) (Entered: 03/28/2006) |
| 04/06/2006 | 126 | STIPULATION *Joint Stipulation and [Proposed] Order Regarding Case Management Conference and Response to Counterclaim* by Alphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 4/6/2006) (Entered: 04/06/2006) |
| 04/06/2006 | 127 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. *Proof of Service of Joint Stipulation and [Proposed] Order Regarding Case Management Conference and Response to Counterclaim* (Kim, Grant) (Filed on 4/6/2006) (Entered: 04/06/2006) |
| 04/12/2006 | 128 | ORDER continuing case management to 5/12/06 @ 2:30 p.m.. Signed by Judge Illston on 4/10/06. (ts, COURT STAFF) (Filed on 4/12/2006) (Entered: 04/12/2006) |
| 04/12/2006 | | Set Deadlines/Hearings: Case Management Conference set for 5/12/2006 02:30 PM. (ys, COURT STAFF) (Filed on 4/12/2006) (Entered: 04/13/2006) |
| 04/14/2006 | 129 | MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey* filed by Alphaone Pharmaceuticals, Inc.. Motion Hearing set for 5/12/2006 09:00 AM in Courtroom 10, 19th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Kim, Grant) (Filed on 4/14/2006) (Entered: 04/14/2006) |
| 04/14/2006 | 130 | Declaration of Grant L. Kim in Support of 129 MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey* filed byAlphaone Pharmaceuticals, Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18# 19 Exhibit 19# 20 Exhibit 20# 21 Exhibit 21# 22 Exhibit 22# 23 Exhibit 23# 24 Exhibit 24)(Related document(s) 129 ) (Kim, Grant) (Filed on 4/14/2006) (Entered: 04/14/2006) |
| 04/14/2006 | 131 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 129 MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey*, 130 Declaration in Support,, (Kim, Grant) (Filed on 4/14/2006) (Entered: 04/14/2006) |
| 04/27/2006 | 132 | CLERK'S NOTICE Continuing Motion Hearing Motion Hearing set for 6/9/2006 09:00 AM. (ts, COURT STAFF) (Filed on 4/27/2006) (Entered: 04/27/2006) |
| 05/04/2006 | 133 | STIPULATION *Joint Stipulation and [Proposed] Order Regarding Case Management Conference* by Alphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 5/4/2006) (Entered: 05/04/2006) |
| 05/04/2006 | 134 | CERTIFICATE OF SERVICE of 133 by Alphaone Pharmaceuticals, Inc. (Kim, Grant) (Filed on 5/4/2006) Modified on 5/5/2006 (ys, COURT STAFF). (Entered: 05/04/2006) |
| 05/05/2006 | 135 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. *Amended Proof of Service on Jarett Lezdey* (Kim, Grant) (Filed on 5/5/2006) (Entered: 05/05/2006) |
| 05/11/2006 | 136 | ORDER continuing case management conference to 6/9/06. Signed by Judge Illston on 5/11/06. (ts, COURT STAFF) (Filed on 5/11/2006) (Entered: 05/11/2006) |
| 05/17/2006 | 137 | Memorandum in Opposition *to 129 Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corporations' Motion to Dismiss counterclaim* filed byJohn Lezdey. (Steele, John) (Filed on 5/17/2006) Modified on 5/18/2006 (ys, COURT STAFF). (Entered: 05/17/2006) |
| 05/17/2006 | 138 | Declaration of John Steele in Support of 137 Memorandum in Opposition *to Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corporations' Motion to Dismiss Counterclaim* filed byJohn Lezdey. (Attachments: # 1 Exhibit A-G)(Related document(s) 137 ) (Steele, John) (Filed on 5/17/2006) (Entered: 05/17/2006) |
| 05/17/2006 | 139 | CERTIFICATE OF SERVICE by John Lezdey re 137 Memorandum in Opposition *to Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corporations' Motion to Dismiss Counterclaim* |

| | | |
|---|---|---|
| | | and <u>138</u> *Declration of John C. Steele in Support of Lezdey and Sonoran's Opposition to Arriva Pharmaceuticals, Inc. and Baxter Healthcare Corp.'s Motion to Dismiss Counterclaim* (Steele, John) (Filed on 5/17/2006) Modified on 5/18/2006 (ys, COURT STAFF). (Entered: 05/17/2006) |
| 05/26/2006 | <u>140</u> | Reply in support re <u>129</u> MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey* filed byAlphaone Pharmaceuticals, Inc.. (Kim, Grant) (Filed on 5/26/2006) Modified on 5/30/2006 (ys, COURT STAFF). (Entered: 05/26/2006) |
| 05/26/2006 | <u>141</u> | Reply Declaration of Grant L. Kim *In Support of* <u>129</u> *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterlcaim of Defendants Sonoran Desert Chemicals, LLC and John Lezdey* filed byAlphaone Pharmaceuticals, Inc.. (Attachments: # <u>1</u> Exhibit Exhibit A to Grant L. Kim Decl.# <u>2</u> Exhibit Exhibit B to Grant L. Kim decl.# <u>3</u> Exhibit Exhibit C to Grant L. Kim decl.# <u>4</u> Exhibit Exhibit D to Grant L. Kim decl.# <u>5</u> Exhibit Exhibit E to Grant L. Kim decl.)(Kim, Grant) (Filed on 5/26/2006) Modified on 5/30/2006 (ys, COURT STAFF). (Entered: 05/26/2006) |
| 05/26/2006 | <u>142</u> | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re <u>140</u> Reply to Opposition,, <u>141</u> Declaration in Support,, (Kim, Grant) (Filed on 5/26/2006) (Entered: 05/26/2006) |
| 05/30/2006 | <u>143</u> | CLERK'S NOTICE Continuing Motion Hearing Motion Hearing set for 6/23/2006 09:00 AM. Case management conference set 6/23/06 @ 2:30 p.m. (ts, COURT STAFF) (Filed on 5/30/2006) (Entered: 05/30/2006) |
| 05/30/2006 | | Set Deadlines/Hearings: Case Management Conference set for 6/23/2006 02:30 PM. (ys, COURT STAFF) (Filed on 5/30/2006) (Entered: 05/31/2006) |
| 06/21/2006 | <u>144</u> | JOINT CASE MANAGEMENT STATEMENT filed by Alphaone Pharmaceuticals, Inc.. (Attachments: # <u>1</u>)(Kim, Grant) (Filed on 6/21/2006) (Entered: 06/21/2006) |
| 06/21/2006 | <u>145</u> | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re <u>144</u> Case Management Statement (Joint) (Kim, Grant) (Filed on 6/21/2006) (Entered: 06/21/2006) |
| 06/27/2006 | <u>146</u> | Minute Entry: Motion Hearing held on 6/23/2006 before Susan Illston (Date Filed: 6/27/2006) re <u>129</u> MOTION to Dismiss *Arriva Pharmaceutical's Motion to Dismiss Declaratory Relief Counterclaim of Defendants Sonoran Desert Chemicals, LLC and* |

|  |  | *John Lezdey* filed by Alphaone Pharmaceuticals, Inc.. (Court Reporter K. Powell.) (ys, COURT STAFF) (Date Filed: 6/27/2006) (Entered: 06/28/2006) |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 06/28/2006 | 147 | CLERK'S NOTICE Removing Case from E-Filing Program. (ys, COURT STAFF) (Filed on 6/28/2006) (Entered: 06/28/2006) |
| 07/06/2006 | 148 | ORDER by Judge Illston granting 129 Motion to Dismiss counterclaim; conditioned upon plaintff's dismissal of claims (ts, COURT STAFF) (Filed on 7/6/2006) (Entered: 07/06/2006) |
| 07/13/2006 | 149 | Dismissal of its claims against Sonoran Desert Chemicals, LLC., John Lezdey, Protease Sciences, Inc., J.L. Technology, LP., and J&D Science, Inc. by Alphaone Pharmaceuticals, Inc.. (ys, COURT STAFF) (Filed on 7/13/2006) (Entered: 07/14/2006) |
| 07/13/2006 | 150 | Amended CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 149 Dismissal of Its Claims. (ys, COURT STAFF) (Filed on 7/13/2006) (Entered: 07/14/2006) |
| 07/14/2006 | 151 | ORDER: Dismissal of plaintiff's claims against Sonoran Desert Chemicals, LLC., John Lezdey, Protease Sciences, Inc., JL Technology, LP, and J&D Science, Inc.. Signed by Judge Susan Illston on 7/14/06. (ys, COURT STAFF) (Filed on 7/14/2006) (Entered: 07/17/2006) |
| 07/17/2006 | 152 | Mail Returned re 148 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 7/17/2006) (Entered: 07/20/2006) |
| 07/20/2006 | 153 | SUGGESTION OF BANKRUPTCY Upon the Record as to Darren B. Lezdey by Darren Lezdey. (ys, COURT STAFF) (Filed on 7/20/2006) (Entered: 07/20/2006) |
| 07/20/2006 | 154 | SUGGESTION OF BANKRUPTCY Upon the Record as to Jarret R. Lezdey by Jarett Lezdey, Jarett Lezdey. (ys, COURT STAFF) (Filed on 7/20/2006) (Entered: 07/20/2006) |
| 07/24/2006 | 155 | STIPULATION AND ORDER: Case Management Conference reset for 9/1/2006 02:30 PM.. Signed by Judge Susan Illston on 7/24/06. (ga, COURT STAFF) (Filed on 7/24/2006) (Entered: 07/28/2006) |
| 07/24/2006 | 156 | NOTICE by Alphaone Pharmaceuticals, Inc. re 151 Order (ga, COURT STAFF) (Filed on 7/24/2006) (Entered: 07/28/2006) |
| 07/27/2006 | 157 | Mail Returned as Undeliverable 148 . Mail sent to Douglas J. Rovens. (ga, COURT STAFF) (Filed on 7/27/2006) (Entered: 08/02/2006) |
| 08/07/2006 |  | Mail Returned as Undeliverable. Mail sent to Darren Lezdey. (hdj, |

| | | |
|---|---|---|
| | | COURT STAFF) (Filed on 8/7/2006) (Entered: 08/09/2006) |
| 08/11/2006 | 158 | Mail Returned re 155 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 8/11/2006) (Entered: 08/16/2006) |
| 08/29/2006 | 159 | JOINT CASE MANAGEMENT STATEMENT filed by Alphaone Pharmaceuticals, Inc.. (ys, COURT STAFF) (Filed on 8/29/2006) (Entered: 08/30/2006) |
| 09/06/2006 | 160 | Minute Entry: Further Case Management Conference held on 9/1/2006 before Susan Illston (Date Filed: 9/6/2006). The Court will issue an order to show cause re: trustee's counterclaims. (Court Reporter None.) (ys, COURT STAFF) (Date Filed: 9/6/2006) (Entered: 09/07/2006) |
| 09/06/2006 | 161 | ORDER to Bankruptcy Trustee for Darren and Jarett Lezdey to make showing re: prosecution of counterclaims with the Court on or before 9/18/06, a statement of his intention cncerning prosecution of these counterclaims, together with a litigation plan. In the event the Trustee does plan to pursue these matters, he is ordered to appear in this court, through counsel, at a Case Management Conference on 9/220/06 at 2:30 p.m.. Signed by Judge Susan Illston on 9/6/06. (ys, COURT STAFF) (Filed on 9/6/2006) (Entered: 09/07/2006) |
| 09/12/2006 | 162 | NOTICE of Entry of Order by Alphaone Pharmaceuticals, Inc. re 161 Order. (ys, COURT STAFF) (Filed on 9/12/2006) (Entered: 09/12/2006) |
| 09/12/2006 | 163 | CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 162 Notice (Other) (ys, COURT STAFF) (Filed on 9/12/2006) (Entered: 09/12/2006) |
| 09/13/2006 | 164 | Amended CERTIFICATE OF SERVICE by Alphaone Pharmaceuticals, Inc. re 162 Notice(ys, COURT STAFF) (Filed on 9/13/2006) (Entered: 09/13/2006) |
| 09/18/2006 | 165 | Andrea P. Bauman, Chapter 7 Trustee's Statement of Intention by Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/18/2006) |
| 09/18/2006 | 166 | Mail Returned as Undeliverable re 161 . Mail sent to Darren Lezdey. (ys, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/20/2006 | 167 | RESPONSE to re 165 Andrea P. Bauman, Chapter 7 Trustee's Statement of Intention by Alphaone Pharmaceuticals, Inc.. (ys, COURT STAFF) (Filed on 9/20/2006) (Entered: 09/20/2006) |
| 09/21/2006 | 168 | ORDER TO BANKRUPTCY TRUSTEE FOR DARREN AND |

| | | |
|---|---|---|
| | | JARETT LEZDEY TO MAKE SHOWING RE: PROSECUTION OF COUNTERCLAIMS. Signed by Judge Illston on 9/19/06. (ts, COURT STAFF) (Filed on 9/21/2006) (Entered: 09/21/2006) |
| 09/21/2006 | | Set Deadlines/Hearings: Case Management Conference set for 11/17/2006 02:00 PM. (ys, COURT STAFF) (Filed on 9/21/2006) (Entered: 09/22/2006) |
| 09/21/2006 | 169 | CERTIFICATE OF SERVICE re 168 Order *by USDC.* (ys, COURT STAFF) (Filed on 9/21/2006) (Entered: 09/22/2006) |
| 09/25/2006 | 170 | Mail Returned re 161 as Undeliverable. Mail sent to Jarett Lezdey. (ys, COURT STAFF) (Filed on 9/25/2006) (Entered: 09/26/2006) |
| 10/02/2006 | 171 | Mail Returned re 168 as Undeliverable. Mail sent to Darren Leqdey. (ys, COURT STAFF) (Filed on 10/2/2006) (Entered: 10/02/2006) |
| 10/02/2006 | 172 | Mail Returned re 169 as Undeliverable. Mail sent to Douglas Rovens. (ys, COURT STAFF) (Filed on 10/2/2006) (Entered: 10/03/2006) |
| 10/03/2006 | 173 | Mail Returned re 168 as Undeliverable. Mail sent to Douglas J. Rovens. (ys, COURT STAFF) (Filed on 10/3/2006) (Entered: 10/05/2006) |
| 10/20/2006 | 174 | Mail Returned re 161 as Undeliverable. Mail sent to Douglas J. Rovens. (ys, COURT STAFF) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 11/17/2006 | 175 | Andrea P. Bauman, Chapter 7 Trustee's Statement of Intention by Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 11/17/2006) (Entered: 11/17/2006) |
| 11/22/2006 | 176 | Minute Entry: Further Case Management Conference held on 11/17/2006 before Illston (Date Filed: 11/22/2006). Case continued to 12/15/06 @ 2:30 p.m. for Further Management Conference.The Trustee must appear at the next case management conference if the case is not resolved prior to 12/15/06.() (ts, COURT STAFF) (Date Filed: 11/22/2006) (Entered: 11/22/2006) |
| 11/22/2006 | | Set Deadlines/Hearings: Case Management Conference set for 12/15/2006 02:30 PM. (ys, COURT STAFF) (Filed on 11/22/2006) (Entered: 11/27/2006) |
| 12/04/2006 | 177 | MOTION to Appear by Telephone at December 15, 2006 Case Management Confernece filed by Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 12/4/2006) (Entered: 12/04/2006) |
| 12/12/2006 | | Received Document Stipulation and proposed order dismissing |

| | | claims and counterclaims of Arriva Pharmaceuticals, Darren B. Lezdey, and Jarett R. Lezdey by Alphaone Pharmaceuticals, Inc., Jarett Lezdey, Darren Lezdey. (ys, COURT STAFF) (Filed on 12/12/2006) (Entered: 12/13/2006) |
|---|---|---|
| 12/13/2006 | 178 | NOTICE of Filing by Andrea P. Bauman. (ys, COURT STAFF) (Filed on 12/13/2006) (Entered: 12/13/2006) |
| 12/18/2006 | 179 | STIPULATION AND ORDER DISMISSING CLAIMS AND COUNTERCLAIMS OF ARRIVA PHARMACEUTICALS, DARREN B. LEZDEY, AND JARETT R. LEZDEY without prejudice. Signed by Judge Susan Illston on 12/15/06. (ys, COURT STAFF) (Filed on 12/18/2006) (Entered: 12/19/2006) |
| 12/21/2006 | 180 | NOTICE of Entry of Order by Alphaone Pharmaceuticals, Inc. re 179 Order Dismissing Case. (ys, COURT STAFF) (Filed on 12/21/2006) (Entered: 12/21/2006) |
| 01/17/2007 | 181 | Mail Returned as Undeliverable. Mail sent to Jarett Lezdey re 179 . (ys, COURT STAFF) (Filed on 1/17/2007) (Entered: 01/18/2007) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| | | |
| | | |
| 01/07/2008 21:26:40 | | |
| **PACER Login:** sm0064 | **Client Code:** | 12KB-124801/2443/ |
| **Description:** | Docket Report | **Search Criteria:** 3:99-cv-02169-SI |
| **Billable Pages:** 13 | **Cost:** | 1.04 |

1   SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3   MICHAEL H. AHRENS, Cal. Bar No. 44766
    ORI KATZ, Cal. Bar No. 209561
4   MICHAEL M. LAUTER Cal. Bar No. 246048
    TIMOTHY C. PERRY, Cal. Bar No. 248543
5   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4106
6   Telephone: 415-434-9100
    Facsimile: 415-434-3947
7
    Attorneys for ARRIVA PHARMACEUTICALS, INC.
8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              SAN FRANCISCO DIVISION

12

13  | In re | No. _____ |
    |---|---|
14  | ARRIVA PHARMACEUTICALS, INC., a California corporation, | |
15  | | **[PROPOSED] ORDER RELATING CASES** |
    | Debtor-Appellee. | |
16  | Tax ID: 94-3287067 | |
17  | | Action filed: January ___, 2008 |
18

19
        Having considered the papers submitted and arguments presented on Debtor-
20
    Appellee Arriva Pharmaceutical, Inc.'s Administrative Motion to Consider Whether Cases
21
    Should Be Related (the "Motion"), IT IS HEREBY ORDERED THAT the Motion is
22
    GRANTED.
23
        IT IS FURTHER ORDERED THAT the following cases are related within the
24
    meaning of Civil Local Rule 3-12:
25
            1. *Arriva Pharmaceuticals, Inc. v. Sonoran Desert Chemicals, LLC*, No. 99-
26
    cv-02169.
27

28

                                        -1-
    W02-WEST:5TIP1\400650508.1                                    PROPOSED ORDER.

1              2. The appeal of Sonoran Desert Chemicals from the final order of the

2  United States Bankruptcy Court for the Northern District of California disallowing its

3  claims in the bankruptcy case docketed at 07-42767.

4              3. The appeal of AlphaMed Pharmaceuticals Corp. from the final order of

5  the United States Bankruptcy Court for the Northern District of California disallowing its

6  claims in the bankruptcy case docketed at 07-42767.

7              4. The appeal of Protease Sciences, Inc. ("PSI") from the final order of the

8  United States Bankruptcy Court for the Northern District of California disallowing its

9  claims in the bankruptcy case docketed at 07-42767.

10      IT IS FURTHER ORDERED THAT cases 2-4 are hereby assigned to District Judge

11  Illston, the assigned judge in the earlier-filed action, *Arriva Pharmaceuticals, Inc. v.*

12  *Sonoran Desert Chemicals, LLC*, No. 99-cv-02169.

13      IT IS SO ORDERED.

14

15      Dates: January \_\_\_, 2008.

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-